REYNOLD'S
CURATOR
*vs.*
MAHLE.

Judgment affir-
med with five
per cent. dama-
ges, as it carried
five per cent. in-
terest.

---

### REYNOLD'S CURATOR *vs.* MAHLE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE DISTRICT PRESIDING.

The Court of Probates for the parish of Rapides, has a clerk, who is necessarily the keeper of its records ; and a certificate of the appointment of a curator, must be given and certified from the records by the clerk, to be received as evidence of such appointment. The certificate of the probate judge is insufficient.

Either party has the right to pray for a jury, at any time before the cause is set for trial; and this right cannot be denied, even when it is clear it is intended for delay.

This is an action instituted by Silas Talbert, as curator of the vacant succession of Thomas B. Reynolds, deceased, of the parish of Rapides, against the defendant, in the parish of Natchitoches, for the recovery of one thousand dollars with interest, being the first instalment of the price of one half of an undivided section of land, sold at the probate sale of said succession.

The defendant first excepted to the plaintiff's capacity to sue, on the ground that he was not curator, as set forth in the petition ; and upon the trial, the following certificate of the judge of probates for the parish of Rapides, where the

succession of Reynolds was opened, was offered in evidence of the plaintiff's appointment as the curator of said succession.

WESTERN DIST.
Oct. 1838.

REYNOLD'S
CURATOR
vs.
MAHLE.

"The State of Louisiana, Parish of Rapides." "Silas Talbert, Esq., curator of the vacant succession of Thomas B. Reynolds, deceased, having rendered his account of administration, for the previous year, on the eighth day of November, 1836 ; his administration was, on that day, prolonged for the term of one year, by an order of the Probate Court for the parish of Rapides, on his giving bond with security, in renewal of the security for his faithful administration, and taking the oath required by law ; and on which day he filed his bond with sufficient security, and took the oath conformably with said order of the court. Given under my hand and seal of office, as parish judge, in and for the parish of Rapides, this 5th day of May, 1837."

(Signed)    "JOHN H. JOHNSON, Parish Judge."

This certificate was objected to as insufficient evidence of curatorship, because the plaintiff should have proved that he had complied with the requisites of the law, in order to make him curator by producing the proceedings, advertisements and bond, &c. The certificate was received by the court, and the defendant's counsel took his bill of exceptions.

*At this term* of the court, the defendant prayed leave to file an amended answer praying for a jury, which was refused by the court, on the ground, that it would cause delay ; the array of the jury being challenged and set aside on account of irregularity in the mode of drawing the *venire*, and there being no jury for the term ; the opinion of the court was excepted to.

Judgment was rendered in favor of the plaintiff, for the amount of his claim, and the defendant appealed.

*Sherburne*, for the plaintiff, insisted, that the judge of probates was competent to give a certificate of the appointment of the curator in this case, and that it was full evidence of such appointment. 3 *Louisiana Reports*, 325.

2. The jury was asked for, merely for delay ; the prayer for trial by jury was not presented until it was known the panel was set aside on a challenge to the array. Under these circumstances, the prayer for a jury came too late,. and was correctly refused by the court.

*Winn* and *Brent,* for the defendant, contended,. that the probate judge was not the keeper of the records of the probate court, when a clerk was allowed by law, as is the case in the parish of Rapides. The clerk and not the probate judge, is competent alone to do all clerical acts, and give certified copies from the records of the court.

2. But neither the clerk or judge can give certificates, as to the substance of the records to be read as evidence of what is contained in them. This is but secondary evidence, and is inadmissible. The clerk must give a certified copy of the appointment, to make evidence in this case.

3. The defendant had the right to call for a trial by jury. This right could not be taken from him under any pretence whatever. In this case a jury was asked for before the panel was set aside, and the jury discharged ; but the right exists until the cause is set for trial. *Code of Practice,* 494–5. 7 *Martin, N. S.,* 250.

*Martin, J.,* delivered the opinion of the court.

The defendant specially denied the curatorship of the plaintiff. The latter introduced, as evidence of his appointment, a certificate of the judge of probates of the parish of Rapides, stating, that the plaintiff having rendered an account of his administration, for the first year of his curatorship, it had been prolonged for another year, on his giving bond and taking the oath, which he did. A bill of exception was taken to the admission of this certificate in evidence, which was nevertheless received, and the exception overruled.

It appears to us the certificate was improperly admitted. The Court of Probates for the parish of Rapides, has a clerk who is necessarily the keeper of its records. The appointment of a curator is essentially a matter of record. He can-

The Court of Probates for the parish of Rapides, has a clerk, who is necessarily the keeper of its records ; and a certificate of the appointment of a curator must be given

not be appointed by parol. Even if the appointment be made at chambers, the order must be filed among the records of the court, and becomes part of them. When a fact which is a matter of record is denied, the trial can only take place by the inspection of the record, if it be the record of the court before whom the question is pending. Otherwise, by the inspection of a copy made and certified by the person who is the keeper of the record.

Perhaps the best evidence of the appointment of a curator, is the letters of curatorship, which establish not only his appointment, but his compliance with the requisites of the law, by giving bond and taking the oath.

There is also a bill of exception to the refusal of the judge to permit the amendment of the petition by the addition of a prayer for a jury; the judge considering that a challenge to the array had been sustained, and there was no jury in attendance, the prayer for a jury must be viewed as having no other object but delay.

The court in our opinion erred. The Code of Practice authorizes the prayer for a jury at any time before the cause be set down for trial. *Article* 494–5.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for a new trial, with directions to the court below, not to receive the certificate of the parish judge of Rapides, as evidence of curatorship of the plaintiff, and to allow the defendant's prayer for a jury; and that the appellee pay the costs of the appeal.