### FRELLSON & STEPHENSON v. McDONALD & COON.

It is sufficient for a party sued on a promissory note, to obtain a trial by jury, to swear that all the allegations in his answer are true, where want or failure of consideration are substantially set forth in the answer.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *Newton & Hall*, and *John T. Ludeling*, for plaintiffs. *Todd & Brigham, Morrison & Purvis, McGuire & Ray*, and *Mathews & McFee*, for defendants and appellants.

VOORHIES, J. The defendants are sued upon four promissory notes, executed by them in favor of one *James Vaughan*, and endorsed by the latter.

The defence is : want of consideration for a large portion of the demand ; damages incurred by the vices existing in the title to the property for which these notes were given ; danger of eviction to the defendant ; and lastly, a plea in compensation for a small amount. The answer concludes by a prayer for trial by jury, supported by the defendants' oath : " that the consideration of the notes sued on has failed, as set forth in the petition ; that the claim in reconvention herein set up is correct ; and further, that all the allegations in the said answer are true."

Although the defendants do not, in the words of the statute, swear specifically " *that they expect to prove* that the notes were obtained through fraud or error, or want or failure of consideration," yet they have sworn to the truth of all the allegations of the answer, in which the want or failure of consideration are substantially set forth. The oath, as regards the reconventional demand, is in the words of the statute ; and, although the plaintiff might be willing to allow this claim, as stated in his brief, yet it does not appear that he has taken, in the lower court, any step to that effect, in proper time.

Whatever may be ultimately the fate of the pleas contained in the answer, it is plain that the court cannot pass upon them for the purpose of determining whether they can be sustained : that is the very question at issue between the parties, and which the defendants endeavor to have presented to a jury. This case must be remanded, in order to be tried before a jury.

The peremptory exception filed by the defendants is in reality an answer to the merits. It was properly overruled ; and so with regard to the exception of *lis pendens*. The former suit had resulted in a judgment of nonsuit in favor of the defendants ; and the plaintiffs did not appeal. ·The other grounds assigned in the dilatory exception will come up more properly on the merits of this controversy.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this cause be remanded for further proceedings according to law, the appellee paying the costs of appeal.