On Motion to Remand.
 

 BRUNOT, J.
 

 The record discloses that this case may, properly, be tried by a jury. It is a suit for an alleged interest in certain cotton, for the ownership and possession of certain live stock, and for a moneyed judgment against defendant for alleged services rendered to him by the plaintiff, under a contract of hire. The defendant did not answer the suit, but, after the petition of intervention was filed, he and the plaintiff filed a joint answer thereto. In this answer the defendant prayed for a trial of the ca.se by a jury. The prayer for a jury was presented to the court about four months before the court entered an prder, in open court, directing that the case be tried by a jury. Upon the entry of this order, the defendant made the necessary deposit of $12, and otherwise complied with the statute by furnishing the required bond for jury costs. Some time after this was done, but on the same day, on the motion of the intervener, and over the objection of both plaintiff and defendant, the court rescinded its order for a jury trial, immediately called the case for trial, heard the witnesses for the intervener and such witnesses for plaintiff and defendant as were present or. could be found and brought into court at the moment, and, forthwith, rendered judgment in favor of the intervener and against the plaintiff and defendant, in solido, for $775, with legal interest thereon from judicial demand and for the costs of the suit.
 

 From this judgment the plaintiff and defendant suspensively appealed, and they have filed a joint motion in this court, in which they pray that the case be remanded to the district court to be regularly assigned and tried by a jury.
 

 It is alleged in the motion that movers had no reason to anticipate a revocation by the court of its order for a trial of the case by a jury, and therefore made no effort to secure the presence of the witnesses upon whom they relied to establish the allegations of their pleadings, and, by the court’s unexpectedly vacating its order for a jury trial and immediately calling the case for trial before the judge, they were forced to trial without their witnesses and without any fault or laches on their part, with respect to said witnesses.
 

 
 *27
 
 We are not now concerned, in any sense, with the merits or equities of the case, but only with the right of movers to have their case tried by a jury and with the procedure in the lower court which deprived them of that right.
 

 Articles 494 and 495, O. P., provide that the plaintiff or defendant, to avail himself of the privilege, must pray for a jury before the case is set down for trial. When this is done, in a case that may be tried by a jury, and the required cash deposit is made and bond for jury costs is filed, the right to a trial by jury is absolute. In such cases it has been held that a trial by jury cannot be refused, even when the application is made for the purpose of delay. Reynold’s Curator v. Mahle, 12 La. 425; Frellson v. McDonald & Coon, 15 La. Ann. 536.
 

 An intervener’s rights are limited to the protection of his own interest. He must take the suit as he finds it. He cannot complain of the mode of procedure or object to the jurisdiction of the court or retard the principal suit. The reason why his rights are so limited is because he always has his remedy by a separate action to vindicate them. Code of Practice, arts. 391, 392; Cahn v. Ford, 42 La. Ann. 965, 8 So. 477.
 

 We think the trial judge' erred in setting aside his order for a trial of the case by a jury, on the motion of the intervener and over the objection of both the plaintiff and defendant, and by so doing the defendant was deprived of an absolute right, and was prejudiced thereby to the extent of requiring this court to set aside the judgment rendered in this cause and to remand the case.
 

 ■ It is therefore decreed that the judgment appealed from be avoided, and that this case be remanded to the lower court tó be tried according to law and the views herein expressed, and that the costs in this court be paid by intervener, all other costs to await the final determination of the suit.