BRUNOT, Justice.
 

 This is a suit to cancel and set aside an order of the Public Service Commission. The defendants filed exceptions to the jurisdiction of the court ratione materias. The exceptions were heard and overruled, and the defendants answered the suit. The case was tried on the issues presented by the pleadings, and a judgment was rendered thereon rejecting the plaintiff’s ■ demands and dismissing the suit at its cost. From this judgment the plaintiff appealed.
 

 Before considering "the case on its merits, we must dispose of the exceptions to the jurisdiction of the court ratione materias. The defendants contend that a certificate of public convenience and necessity requires nothing to be done by the recipient of the permit, and it cannot be enforced by the Commission; hence it is merely permissive, while section 5 of article 6 of the Constitution only provides for an appeal to the courts from orders of the Commission of an affirmative nature, such as orders fixing rates, fares, tolls, or charges, etc. The pertinent part of section 5 of article 6 of the Constitution, upon which the defendants rely, is as follows:
 

 “The order of the Commission fixing or establishing any rate, fare, toll or charge for any commodity furnished, service rendered, or to be rendered, by any common carrier or public utility named herein, or hereafter placed under the control of said Commission, shall go into effect at such time as may be fixed by the Commission, and shall remain in effect and' be complied with, unless ánd until set aside by the Commission, or by a final judgment of a court of competent jurisdiction,” etc.
 

 We fail to see, in the quoted provision of the Constitution, any inhibition or limitation of the power of the courts to review any order of the commission, upon a properly instituted suit by a person, partnership, or corporation having a direct interest in maintaining or in annulling the order. To hold otherwise would judicially clothe the commission with power to arbitrarily grant or refuse to grant certificates of public convenience and necessity, to the great detriment of the public.
 

 It is true that the commission has large discretion in the matter of granting or refusing certificates of convenience and necessity, but the law imposes upon the courts the duty of safeguarding its jurisdiction to review any arbitrary or gross abuse of the commission’s power in the exercise of that discretion. We think the exceptions to the jurisdiction of the court filed in this case were properly overruled.
 

 The case, on the merits, is submitted on an agreed statement of facts and on the record of the proceedings before the Public Service Commission. The order of the commission which is attacked in this suit is as follows:
 

 “Louisiana Public Service Commission
 

 “Order No. Í264.
 

 “Stagni Transportation Line, Inc., Ex Parte. Case No. 2061 C “In Re:- — Extension of Certificate No. O 97 to authorize operation of motor. N
 
 *852
 
 freight line over Highway 90 between S Morgan City and Lake Charles, Loui- O siana. L
 

 ■“T. S. C. Motor Freight Lines, Inc. of La. I Ex Parte. Case No. 2062 D “In re: — Operation of motor freight A line from Sabine River to New Or- T leans; Jennings to Breaux Bridge; E Crowley to Eunice; Eunice to Baton D Rouge; Lafayette to Opelousas; Breaux Bridge to Lafayette and all intervening points.
 

 “These are applications filed by Stagni Transportation Line, Inc., and the T. S. C. Motor Freight Lines, Inc., of Louisiana, the first named seeking an extension of its present 'certificate No. 97 to authorize the operation of motor freight line over Highway No. 90, between Morgan City and Lake Charles, Louisiana; and the latter seeking a Certificate of Convenience and Necessity authorizing operation of motor freight service from the Sabine River to New Orleans over U. S. Highway 90; Jennings to Breaux Bridge over State route 26; Crowley to Eunice over State route 26; Eunice to Baton Rouge over State route 7; Lafayette to Opelousas over State route 5 and Breaux Bridge to Lafayette over State route 43 and all intervening points.
 

 “These cases were heard at Lafayette on June 13, 1933, and were taken under advisement by the Commission at that time, after having been consolidated because of -the similarity in the applications, and upon the motion of applicants because of their joint relationship.
 

 “Considering the fact that there was a cooperative agreement between the parties and that they arc performing the service jointly and had a certain relationship making it beneficial to the public and imperative to the Commission to issue the Certificate as a joint permit in sofar as the route from Morgan City to Lake Charles is concerned, it is
 

 “Ordered, That Certificate of Public Convenience and Necessity issue jointly to Stagni Transportation Line, Inc., and T. S. C. Motor Freight Lines, Inc. of Louisiana, authorizing a joint permit insofar as the route from Morgan City to Lake Charles is concerned over Highway (U. S. No. 90), conditioned upon the said applicants complying with the terms and provisions of Act No. 292 of the Legislature of Louisiana of 1926 and the rules and regulations of this Commission adopted pursuant thereto by filing proper insurance and bond to cover such operations. And it is further,
 

 “Ordered, That Certificate of Public Convenience and Necessity issue to T. S. C. Motor Freight Lines, Inc. of Louisiana, authorizing the operation of a motor freight line over U. S. Highway No. 90 from Morgan City to New Orleans and from Sabine River to Lake Charles over the same numbered route; Jennings to Breaux Bridge over State route 25; Crowley to Eunice over State route 26; Eunice to Baton Rouge over State route No. 7; Lafayette to Opelousas over State route 5 and Breaux Bridge to Lafayette over State route* 43 and all intervening points, conditioned upon the said T. S. C. Motor Freight Lines, Inc., of Louisiana, complying with the terms and provisions of Act No. 292 of the Legislature of Louisiana of 1926 and the rules and regulations of this Commission adopted pursuant thereto, by filing proper insurance and bond to cover such operations.
 

 
 *854
 
 “By order of the Commission, Baton Rouge, Louisiana, July 28th, 1933.
 

 “(Signed) H. G. Fields, “Chairman.
 

 “(Signed) Wade O. Martin, “Commissioner,
 

 “(sgd) P. F. Frye, Secretary.
 

 “Attest: A true copy
 

 “(sgd) P. A. Frye Secretary.”
 

 The record discloses that the applications of the Stagni Transportation Line, Inc., and the T. S. C. Motor Freight Lines, Inc., for the certificates which were granted by the commission’s order No. 1264 were filed with the commission during the month of March, 1933, and a hearing thereon was fixed for a certain day, but, for reasons satisfactory to the commission, the hearing was ordered to be held at Lafayette on a later date.
 

 At that time the Gulf Freight Lines, Inc., held the commission’s certificates of public convenience and necessity Nos. 103-110 and 110-A, covering the same routes over which the two defendant freight lines had applied for certificates to operate on; but the Gulf Freight Lines, Inc., had been placed in the hands of a receiver and had ceased to operate. For this reason, notices of the proposed hearing were, according to law, served upon the applicants for the certificates and upon the receiver of the Gulf Freight Lines, Inc., the only parties having any interest in the matter at that time. Pending the hearing on the applications of the Stagni and T. S. C. Motor Freight Lines, Inc., the plaintiff negotiated with the receiver of the Gulf Freight Lines, Inc., for the purchase of certificates Nos. 103-110 and 110-A, then held by that corporation. An agreement to sell the certificates to the plaintiff for $2,500 vjas reached, contingent upon the sale thereof being authorized by the Nineteenth judicial district court, and approved by the Public Service Commission. The sale was authorized by a judgment of the court, and it was approved by the commission, but a certificate of public convenience and necessity was not' granted to the plaintiff until some time after the commission’s order No. 1264 was rendered and the certificates mentioned therein were granted.
 

 As we understand the plaintiff’s contentions, they are: First. That the proceedings before the Public Service Commission, on the applications of the Stagni and T. S. C. Freight Lines, Inc., for certificates of public convenience and necessity, were held without notice to it. Second. That the power of the Public Service Commission to issue certificates of public convenience and necessity is derived from Act No. 292 of 1926. Third. That the act provides only one way, which must be followed, before the commission can grant a certificate of public convenience and necessity to a motor carrier, over a route where there is an existing certificate of public convenience and necessity over the same route, and that this provision of the law was not followed, by the commission.
 

 With reference to plaintiff’s first contention, we are impressed with the fact that the plaintiff was not a necessary party to the proceedings before the commission of which it complains, because, at that time, it was not the holder of a certificate of public convenience and necessity over any of the routes designated in the commission’s order No. 1264. The then existing certificates over these routes were issued to the Gulf Freight
 
 *856
 
 Lines, Inc.,' and that concern was then in the hands of a receiver, and it had ceased operations.
 

 The plaintiff’s second contention, that the commission derives its power to issue certificates of public convenience and necessity from Act No. 292 of 1926, is conceded. The act specifically empowers the commission to do and perform certain administrative functions that are not expressly included in its constitutional grant of powers.
 

 The plaintiff’s third contention is based upon the following provision of section 4 of Act No. 292 of 1926, to wit:
 

 “The Commission may at any time, after due notice to the grantee of any certificate and like notice to any competing carrier an opportunity to be heard thereon had, for good cause, suspend, revoke, alter or amend any certificate issued under the provisions of this Act.”
 

 It will be noted that the statute uses the word “may,” not “must.” It is therefore permissive rather than mandatory, in so far as it concerns the power of the commission, after notice to. the. grantee, and its competing carriers, to suspend, revoke, alter, or amend the certificate. When the Stagni and T. S. C. Freight Lines, Inc., applied for certificates, they were not competing carriers of the Gulf Freight Lines, Inc., for that concern was out of business and in the course of liquidation, but notwithstanding that fact the receiver of that corporation was notified of the hearing to be held on the applications mentioned, and he did not oppose the granting of the certificates. In fact, he neither appeared nor was he represented at that hearing. Inasmuch as the Act 292 of 1926 does not require that an existing certificate must be revoked, etc., before another certificate covering the same or a part of the same routes may be issued, and inasmuch as the receiver of the grantee of the then existing certificates was notified, and did not oppose the granting of the certificates applied for by the Stagni and T. S. G. Lines, Inc., and considering that the record shows that, prior to the time the commission’s order No. 1264 was rendered, there existed a public necessity, as the term “necessity” has been interpreted by the courts, for the issuance of said order and the granting of the permits mentioned therein, we are of the opinion that the judgment appealed from is correct, arid it is therefore affirmed, at appellant’s cost.