McCALEB, Justice.
Charles M. Burns and F. Conner Burns, doing business as Burns Transfer and Storage Company of Natchez, Mississippi, applied to the Louisiana Public Service Commission for a certificate of public convenience and necessity authorizing them to transport household goods and new and used furniture over irregular routes from and to all points in this State with the restriction that all such shipments must originate in or be destined for points within a 30-mile radius of Jonesville, Louisiana. Following a public hearing, at which plaintiffs appeared and submitted evidence in opposition to the application, the Commission ordered that the certificate issue in accordance with the request of applicants.
This suit was then instituted to annul and set aside the Commission’s order and, after joinder of issue, the case was submitted for decision on the evidence adduced at the Commission’s hearing. The district judge sustained the order and plaintiffs prosecuted this appeal.
The plaintiffs are certified carriers holding certificates of public convenience and necessity for transporting household goods across irregular routes over the State. They contend that the Commission abused its authority in granting the certificate in this instance in that there was no showing of public convenience and necessity which warranted the grant to applicant of statewide carriage of household goods.
The evidence adduced at the hearing establishes that there are no existing carrier terminals within the 30-mile area covered by the Commission’s order; that the population of the towns of Ferriday and Vidalia has been steadily increasing during the last five years; that many skilled workmen employed at the International Paper Company plant in Natchez, Mississippi have made their homes in the adjoining Louisiana parishes of Catahoula and Con-cordia and that these employees are occasionally moved in and out of the area.
This proof, which is uncontradicted, furnished good ground for the issuance by the Commission of a certificate of public convenience and necessity. Indeed, the complaining motor carriers concede that there is a public need for the service within the 30-mile area involved herein. But their position is that there was no showing before the Commission justifying the issuance of a permit to the applicant of statewide authority to transport goods over routes where there is presently sufficient and proper transportation service being rendered by other motor carriers.
We find no substance in this contention. The rulings of the Public Service Commission, like those of other administrative bodies, will not be disturbed in the absence of a clear showing of abuse of power, that is, it must be exhibited that the action is unreasonable, arbitrary or capricious. Burke v. Louisiana Public Service Commission, 215 La. 451, 40 So.2d 916 and cases there cited.
The protestants have fallen far short of meeting this test. Their witnesses indicated that, whereas local service for the area in question was needed, establishment of this service would be unprofitable if operations were confined to the 30-mile area. Obviously, such a restricted operation would be not only economically unsound but it would not accommodate the public need, it being unreasonable to expect that there would be an appreciable movement of goods from one part of the 30-mile area to another. Hence, it would appear that the Commission acted in the public interest in granting the certificate extending the carriage operations to those originating in or destined for the local area. The fact, if it be a fact, that the issuance of this certificate will increase competition to some extent is a matter of no importance for, when it is shown that there is a public need for the service offered by an applicant, it cannot be said that the Commission acts arbitrarily in supplying that need.
The judgment is affirmed.