2d 693; LSA–R.S. 13:71; West's LSA–Civil Code, Article 3519.

The order of February 25, 1960, supra, which superseded Section 3 of Rule VIII, supra, had no effect upon the present matter because on its effective date the present appeal was already abandoned.

For the reasons assigned, the rule to reinstate the appeal is denied; appellant to pay all costs.

123 So.2d 880

**RUBION TRANSFER & STORAGE CO., Inc.**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 44704.

Nov. 7, 1960.

Jack P. F. Gremillion, Atty. Gen., Joseph H. Kavanaugh, Sp. Counsel, Baton Rouge, for defendant-appellant.

Polk, Foote & Neblctt, Alexandria, for intervenors-appellees.

Dart, Guidry & Dart, New Orleans, for plaintiffs-appellees.

FOURNET, Chief Justice.

The plaintiff, Rubion Transfer & Storage Co., Inc., a Louisiana corporation which holds a certificate of public convenience and necessity as a common carrier of special commodities (including household furniture) over irregular routes by motor, with the restriction that all commodities must originate in, or be destined to, points in St. Tammany Parish and the Parish of Tangipahoa, instituted suit against the Louisiana Public Service Commission seeking annulment of Order No. 7181, reaffirmed by Order 7407, which granted to Dunwoodie McDuffie a certificate of public convenience and necessity as a common carrier of household goods over irregular routes within a radius of one hundred miles of New Orleans and asked that the said orders be cancelled as they "included all points within the parishes of St. Tammany and Tangipahoa, as to which petitioner has heretofore been granted a certificate." From a judgment decreeing the said orders to be null, void and of no effect, and that they be cancelled, the Louisiana Public Service Commission has appealed.

The record discloses that McDuffie, doing business as Mack's Moving Service and domiciled in New Orleans, applied to the

Commission for a certificate authorizing him to operate as a common carrier motor freight service, transporting "household goods" over irregular routes "within a radius of one hundred miles from New Orleans;" that after notice to competing common carriers, the matter came on for hearing and testimony was adduced. On April 3, 1957, at the close of the hearing, a certificate of public convenience and necessity, No. 7181, was granted to McDuffie; application for rehearing filed by the opponents (holders of state-wide certificates for the transportation of household goods) having been considered and denied, McDuffie began operating under his certificate. Shortly thereafter the Commission received a complaint from Rubion Transfer & Storage Company, domiciled in Covington (St. Tammany Parish), that it did not receive formal notice of the above hearing;[1] the matter was reopened, additional witnesses were heard, McDuffie's witnesses were recalled for cross-examination by counsel for Rubion Transfer & Storage Co., Inc., and on November 27, 1957, by Order No. 7407, the Commission's previous Order No. 7181 of April 3, 1957 was reaffirmed. The instant suit followed.

The plaintiff, Rubion Transfer & Storage Co., Inc. in its petition alleged in substance that on the showing made by McDuffie the

---

1. R.S. 45:164 declares that a certificate of public convenience and necessity " * * shall be issued only after * * * a public hearing, due notice given to * * all competing common carriers, * * *."

public convenience and necessity would not be promoted to any degree whatsoever by the granting of an additional certificate in the designated area; that in addition to the plaintiff, there are state-wide carriers well equipped to handle the transportation of household goods within the radius of one hundred miles of New Orleans; and actually that plaintiff's own equipment and facilities, as shown by the record, are "idle and unused most of the time;" and plaintiff submitted that not only was the service rendered by it adequate and sufficient, but because of the Commission's inclusion in its certificate to McDuffie of points in St. Tammany and Tangipahoa Parishes, it "will sustain a large financial loss, which Order will unlawfully divert traffic from petitioner." Four New Orleans transfer and storage companies, holders of state-wide certificates (Gallagher Transfer & Storage Co., Inc., Henry G. Bauer, O. K. Storage & Transfer Co., and Douglas Public Service Corporation), intervened in support of the plaintiff, alleging that in view of the satisfactory and adequate service being rendered by them and other certified carriers, and the ability and willingness on their part to give additional service if needed over the identical territory covered by McDuffie's certificate, the issuance of Order No. 7181 by the Commission was

contrary to law and a flagrant abuse of the discretionary powers vested in said Commission. The case was submitted on the evidence and testimony contained in the transcript of proceedings before the Public Service Commission and the District Judge, expressing the view that from the evidence it appeared that present facilities offered by existing licensed certified carriers adequately served the area, rendered judgment in favor of plaintiff and against defendant, as noted above.

 Counsel for defendant appellant—mindful that under the express provisions of R.S. 45:164 " * * * No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be *materially promoted thereby*",—rely on the settled jurisprudence of this Court that orders of the Public Service Commission should be accorded great weight, will not be overturned by the courts in the absence of a clear showing of abuse of power, and that where the order is not arbitrarily or grossly contrary to the evidence and no error of law has been committed, the court will not substitute its judgment for that of the Commission,[2] and argue that the Commission's action in granting the cer-

2. Yazoo & M. V. R. Co. v. Louisiana Public Service Commission, 170 La. 441, 128 So. 39; Herrin Transfer & Warehouse Co. v. Louisiana Public Service Commission, 180 La. 847, 157 So. 785; Burke v. Louisiana Public Service Commission, 215 La. 451, 40 So.2d 916; Gulf States Utilities Co. v. Louisiana Public Service

tificate is clearly supported by the testimony of witnesses for McDuffie to the effect that as a result of construction of the causeway across Lake Pontchartrain and the ensuing growth and development, with resulting migration of families, there was definite need for additional means of transporting household goods and that inconvenience and trouble in moving had been experienced, such as inability to get service at the time desired or failure of the mover to appear until hours or even days after the time agreed upon. Counsel call particular attention to Rubion's testimony blaming cut-rate noncertified movers in his locality for lack of sufficient business to support even one certified household goods carrier in that territory,[3] and counter with the circumstance that McDuffie, operating under a certificate and observing the tariffs, not only purchased an additional van and had placed an order for a third but was able to please the public with the type of service rendered regardless of cut-rate movers, because he was doing very well in his business. Counsel submit that a certificate of convenience and necessity

previously issued should not operate as an exclusive franchise and be utilized to foster indifferent service to the public.

On the other hand the intervenors-appellees, who press the appeal on plaintiff's behalf,[4] contend there was absolutely no evidence presented before the Commission which would justify the finding that the public convenience and necessity would be materially promoted by the granting of an additional permit for a common carrier of household goods *within a hundred mile radius of New Orleans,* pointing out that all witnesses for McDuffie were from either Orleans or St. Tammany Parishes despite the fact that there are portions of many other parishes within a hundred mile radius of New Orleans; that the permit granted McDuffie gives him authority to engage in the household moving business to and from such principal cities as Baton Rouge, Bogalusa, New Iberia and Houma, not only to and from New Orleans but to and from any point which lies within a hundred mile radius; that there are presently in the City of New Orleans seven carriers holding state-wide authority for the trans-

Commission, 222 La. 132, 62 So.2d 250; Illinois Central R. Co. v. Louisiana Public Service Comm., 224 La. 279, 69 So.2d 43; Texas & New Orleans' R. Co. v. Louisiana Public Service Comm., 233 La. 787, 98 So.2d 189; Faulk-Collier Bonded Warehouse, Inc. v. Louisiana Public Service Comm., 236 La. 357, 107 So.2d 668.

3. Mr. Rubion, testifying for the plaintiff when the case was reopened by the Pub-

lic Service Commission, stated his business was very poor, that his equipment stood idle and unmanned much of the time, and admitted his transportation business was for sale.

4. The case on appeal was submitted without oral argument, and counsel for plaintiff advised the Court he would not file a brief but would submit the case on the brief filed by intervenors.

portation of household goods, and in Baton Rouge there are two such carriers, besides others with limited authority, and that witnesses testifying in opposition to the granting of the permit, all engaged in the household moving business within a one hundred mile radius of New Orleans, without exception testified they had ample equipment to handle any move requested by the public and in fact at times had idle equipment on their premises; and counsel complain that it was upon the scant evidence of McDuffie's witnesses that the Commission found, in effect, that the public convenience and necessity would be materially promoted by granting the applicant a permit to operate within a one hundred mile radius of New Orleans.

■■ The rule is well settled by jurisprudence that an intervenor takes the proceedings as he finds them; he cannot substitute himself for one of the parties and urge matters which enlarge the issues.[5] The plaintiff of necessity restricts its complaint against the Commission's orders under attack here to the parishes of St. Tammany and Tangipahoa, stating specifically that its certificates of public convenience and necessity contain restriction to points of origin or destination in those parishes; and the petition's prayer, while it seeks annulment of the certificate to McDuffie, indicates plaintiff's interest to be with respect to that portion "which included all points within the Parishes of St. Tammany and Tangipahoa, as to which petitioner has heretofore been granted a certificate * * *;" hence the intervenors cannot base their attack on the territorial area of McDuffie's certificate and complain his permit is so broad that they, holding state-wide certificates, are apt to be damaged through loss of business, particularly between New Orleans and the cities of Baton Rouge, Houma, and Bogalusa, situated in parishes other than St. Tammany and Tangipahoa.

After a review of the record we do not feel there is justification for cancelling the

---

5. See Mayer v. Stahr, 35 La.Ann. 57, where the Court said: "The intervenor cannot change the issue between the parties, plaintiff and defendant, and can raise no new one. His rights, on a proper interest being shown, are confined to joining or resisting either the plaintiff or the defendant, or to opposing both," (35 La. Ann. at page 60); Cahn v. Ford, 42 La. Ann. 965, 8 So. 477, and Parish v. Holland, 166 La. 24, 116 So. 580, in the latter case the Court observed: "* * * The reason why his rights are so limited is because he always has his remedy by a separate action to vindicate them", (166 La. at page 27, 116 So. at page 581); La.Code of Practice, Arts. 391, 392; the new La.Code of Civil Procedure (Act 15 of 1960), the provisions of which are soon to become effective, Art. 1094 and Comments thereunder; and Bonnabel v. Police Jury, 216 La. 798, 44 So.2d 872, where the Court aptly observed: "* * * an intervenor must take the suit as he finds it without raising issues between the defendant and the plaintiff which they have not themselves raised and must have recourse to a separate suit if he wishes to inject new issues. * * *" 216 La. at 812, 44 So.2d at page 876.

orders of the Louisiana Public Service Commission in the instant case. As was aptly observed by this Court in Yazoo & M. V. R. Co. v. Louisiana Public Service Commission, 170 La. 441, 128 So. 39, "* * * Whenever the Public Service Commission, in the issuing of an order, has acted within its power, and not arbitrarily or grossly contrary to the evidence, and when no error of law has been committed, the court must not substitute its judgment for that of the commission, or consider the expediency or wisdom of the order, or say whether on like evidence the court would have made a similar ruling." 170 La. at page 446, 128 So. at page 40..

For the reasons assigned, the judgment appealed from is reversed and the suit is dismissed at appellees' costs.

123 So.2d 884