FOURNET, Chief Justice.
American Courier Corporation,[1] availing itself of the provisions of the Louisiana Constitution of 1921, Article 6, Section 5, instituted proceedings in the 19th Judicial District Court seeking to have rescinded Order No. 9787 of the Louisiana Public Service Commission, granting Special Services, Inc., a wholly owned and operated subsidiary of Armored Car, Inc. which holds and operates under a contract permit,[2] a certificate of public convenience and necessity as a common carrier for certain commodities in statewide transportation,[3] the matter having been submitted to the court by stipulation of counsel oil the record made up before the Commission, and from the judgment of the district court affirming the order of the Commission and dismissing its suit at its cost, plaintiff prosecutes this appeal.
Under the express provisions of Chapter 4 entitled “Motor Carriers”, Title 45, un *467 der the heading of “Public Utilities and Carriers”, “No person shall at the same time hold, or operate under, both a common carrier certificate and a contract carrier permit”, R.S. 45:165, and under the section designated, “Definitions”, “ ‘Person’ includes a body of persons, whether incorporated or not.” R.S. 45:162(11).
Counsel for American Courier contends here, as he did before the Commission and District Court, that “LSA-R.S. 45:165 should be interpreted as prohibiting a wholly owned and operated subsidiary corporation from holding a common carrier certificate and operating thereunder when the parent corporation holds and operates under a contract carrier permit”, and inasmuch as Special Services is a wholly owned subsidiary of Armored Car, Inc. which operates in intrastate commerce under a contract carrier permit, the order issued by the Commission should be revoked and set aside as issued in violation of the authority of said Commission and in express violation of R.S. 45:165.
In resolving the issue, adverse to plaintiff’s contention, the trial judge, reasoning that R.S. 45:162(11) and R.S. 45:165 should be read in pari materia, construed “the meaning to be that no one legal entity, whether an individual, a partnership, an association of individuals, or a corporate structure, shall at the same time hold and operate under both a Common Carrier Certificate and a Contract Carrier Permit.”
Counsel strenuously argues the trial judge in his reasoning obviously failed to consider the object and purpose of the prohibition against dual operation as both a contract and a common carrier is to prevent the opportunity for discriminatory practice which is present when a carrier is authorized to offer both services to the same shipper; and this prohibition applies to both parent and subsidiary corporations when the separate entity theory of corporate existence leads to an absurdity or when the persons involved in a corporation seek to use this legal fiction to shield themselves from the consequences of their illegal actions, or use the subsidiary corporation to evade or circumvent the application of a statute by piercing the corporate veil.
Counsel for appellee recognizes that the identity of the two corporations as separate entities will be disregarded under Louisiana law by “piercing the corporate veil” when the theory of the separate entity “leads to an absurdity, or the persons involved in a corporation seek to use this legal fiction to immunize them from the consequences of their * * * illegal actions,”[4] but contends that there is no opportunity for discrimination since the permit held by Armored Car and the certificate issued to Special Services are to haul entirely different kinds of commodities in entirely different types of vehicles and the shipper *469 would not be in a position to use both contract and common carriage, but are restricted to one or the other.[5]
The trial judge in his written reasons for judgment, stating he was “not unaware of the danger posed by unfair competitive practices which may follow the ownership of both a Common Carrier Certificate and a Contract Carrier Permit authorizing the handling of essentially the same commodities over the same routes,” nevertheless, concluded, “an application of the prohibition is unwarranted in this case because the evidence shows that the commodities involved and the use of the respective authority granted do not permit a conflict of interest or discrimination in rates.”
Our study of the record fully supports the trial judge’s finding of facts that “There is no question but what the officers, directors, and stockholders of Special Services, Inc. and Armored Car, Inc. are essentially the same person. In addition, the two corporations operate from the same offices at the same location, their management is intermingled, and all of the stock of Special Services, Inc. is owned by Armored Car, Inc.”; however, we disagree with his conclusion that there is no opportunity for discrimination for from the foregoing it may be seen for all practical purposes these corporations are one and the same, operating under the same roof with a common management. While it is true Armored Car, the parent corporation, is authorized under its contract carrier permit to carry coins, currency and associated money transfers, with its principal business contracts being with banks, the record shows that the service authorized to its subsidiary, Special Services, Inc. to transport audit media processed by computers would also be utilized by the same banks.
From the foregoing it is obvious the possibility for discrimination by the two corporations servicing the same shipper exists; and, therefore, whether discrimination exists as a fact is immaterial. As was aptly observed by the Interstate Commerce Commission in Gallot-Purchase-Holst, 45 M.C.C. 1, “ * * * We should not approve a transaction which would result in a situation where discrimination may be practiced, regardless of whether the dual operator has any intention of indulging in such practices. The fact that an opportunity to conduct such practices would be present is sufficient to warrant disapproval of the dual operations and a denial of the applicationpointing out, “A shipper who is able to utilize both the *471 common-carrier and contract-carrier services of a motor carrier, by assuring the carrier of certain of his.traffic for transportation as a common carrier, is in a position to obtain special treatment under contracts. Conversely, the carrier, by giving the shipper special treatment in his contract operations, would have an undue competitive advantage over other common carriers in respect to such traffic as the shipper might have available for transportation by common carriers.” (Emphasis added.)
For the reasons assigned the judgment ©f the district court is reversed and Order No. 9787 of the Louisiana Public Service Commission is annulled and set aside.
McCALEB, HAMLIN and SANDERS, JJ., are of the opinion a rehearing should be granted.

. American Courier Corporation intervened in proceedings pending before the Commission opposing the application filed there by Special Services which resulted in the issuance by the Commission of Order No. 9787.

. Armored Car, Inc. is authorized to haul coins, currency and associated money transfers statewide in armored cars as a private contract carrier under permit No. 1236.

. By Order No. 97S7 Special Services was authorized to haul statewide in station wagons and panel trucks, not exceeding 1% ton net carrying capacity: “Original and copy source documents and executed papers and documents used in commercial banking and business record (excluding ‘cash letters or check letters’), punch tapes, processing magnetic tapes, used punch cards and recognition data and accounting data media and materials of all kinds (excluding plant removals) and blueprints, excluding movements between offices or places of business of water, gas, electric, and telephone utility companies. Exposed and processed film and prints and complimentary replacement film not for resale and the advertising literature associated therewith (but excluding motion picture film used primarily for commercial theaters and television exhibitions).”

. See, Haynes v. Champagne Title Corp., D.C., 228 F.Supp. 157.

. The authorities relied upon by appellee concern decisions of the Interstate Commerce Commission -which are not controlling here as the prevailing law, 49 U.S.C.A. § 310, unlike the public policy of this state under R.S. 45:165 absolutely prohibiting dual operation, specifically provides for dual authorities to he given to persons or corporations for “good cause shown.”