MAX N. TOBIAS, JR., Judge.
 

 hThe issue before this court is whether an intervenor has standing to object to a party-defendant’s request for a jury trial after a hearing in the trial court where the party-defendant requesting the jury agreed that the case would proceed as a bench trial. For the reasons that follow, we hold that the intervenor has no standing to object to a party-defendant’s request for a jury trial and, accordingly, the trial court, did not err by refusing to strike the named party-defendant’s request for ,a jury.
 

 The underlying facts of this case are not material to the issue before us. Suffice it to say that, the plaintiffs filed suit against the defendant, Certain Underwriters at Lloyd’s, London (“Lloyd’s”), asserting monies owed under a contract of insurance
 
 *243
 
 issue by Lloyd’s to the plaintiffs. Thereafter, Parish National Bank intervened in the suit seeking to protect its rights under the policy issued by Lloyd’s. Parish National Bank was subsequently merged into the Whitney National Bank, which now steps into Parish National Bank’s position as intervenor.
 

 12At an on-the-record conference between all parties to the suit, it was agreed by the parties through their counsel that the matter would proceed as a bench trial. Thereafter, however, Lloyd’s filed a motion for jury trial that was granted by the trial court.
 

 La. C.C.P. art. 1094 states that “[a]n intervener cannot object to the form of the action, to the venue, or to any defects and informalities personal to the original parties.” In
 
 Leger v. Kent,
 
 01-2241, p. 4 (La.App. 4 Cir. 4/24/02), 817 So.2d 305, 308, we stated:
 

 An intervenor takes the proceedings as he finds them.
 
 Taylor v. Tulane University of Louisiana,
 
 97-0977 (La.App. 4 Cir. 9/17/97), 699 So.2d 1117; La. C.C.P. art. 1094. The intervenor cannot modify the basic procedural nature of the principal demand by way of intervention.
 
 Rubion Transfer & Storage Co. v. Louisiana Public Service Commission,
 
 240 La. 440, 123 So.2d 880, 883 (La.1960); La. C.C.P. art. 1094. The intervenor cannot retard the process of the main demand by way of the intervention.
 
 Succession of Delesdernier,
 
 184 So.2d 37, 54 (La.App. 4 Cir.1966).
 

 The Louisiana Supreme Court, in
 
 Parish v. Holland,
 
 166 La. 24, 116 So. 580 (1928), stated:
 

 Articles 494 and 495, C. P.,
 
 [1]
 
 provide that the plaintiff or defendant, to avail himself of the privilege, must pray for a jury before the case is set down for trial. When this is done, in a case that may be tried by a jury, and the required cash deposit is made and bond for jury costs is filed, the right to a trial by jury is absolute. In such cases it has been held that a trial by jury cannot be refused, even when the application is made for the purpose of delay.
 
 Reynold’s Curator v. Mahle,
 
 12 La. 424 [ (1838) ];
 
 Frellson v. McDonald & Coon,
 
 15 La. Ann. 536 [ (1860) ].
 

 | a An intervener’s rights are limited to the protection of his own interest. He must take the suit as he finds it. He cannot complain of the mode of procedure or object to the jurisdiction of the court or retard the principal suit. The reason why his rights are so limited is because he always has his remedy by a separate action to vindicate them. Code of Practice, arts. 391, 392;
 
 [2]
 

 Cahn v. Ford,
 
 42 La. Ann. 965, 8 So. 477 [ (1890) ].
 

 We think the trial judge erred in setting aside his order for a trial of the case by a jury, on the motion of the intervener and over the objection of both the plaintiff and defendant, and by so doing the defendant was deprived of an absolute right, and was prejudiced thereby to the extent of requiring this court to set aside the judgment rendered in this cause and to remand the case.
 

 Id.,
 
 166 La. at 27,116 So. at 580.
 

 We find our law has not changed. No law or jurisprudence states or permits an intervenor to either assert a right to a trial by jury or object to the request by a party in the main demand for a trial by jury. To preserve and establish the same
 
 *244
 
 rights that an original party to a lawsuit has, a person that could otherwise intervene must file a separate suit against the other parties and thereafter move to consolidate his suit with the suit in which he could intervene. (Of course, whether the suits should be consolidated falls within the sound discretion of the trial court.)
 

 For these reasons, we grant the application for supervisory writs filed by the Whitney National Bank. We affirm the judgment of then trial court declining to strike Lloyds’ request for a trial by jury.
 

 SUPERVISORY WRIT GRANTED; JUDGMENT AFFIRMED.
 

 LOMBARD, J., concurs in the result.
 

 BELSOME, J., concurs in the result.
 

 LOMBARD, J., concurs in the result.
 

 hi agree with the result reached by the majority. However, the majority’s writ disposition grants the application for supervisory writ yet denies the requested relief. In my opinion, because we are affirming the trial court’s decision, which declined to strike Lloyd’s request for jury trial, Whitney National Bank’s application for supervisory writ should have been denied.
 

 BELSOME, J., concurs in the result.
 

 hi would deny the writ.
 

 [1]
 

 . Now embodied in La. C.C.P. arts. 1732 and 1733.
 

 [2]
 

 . Now embodied in La. C.C.P. arts. 1034 and 1037.