699 So.2d 1117 (1997)
Cynthia B. TAYLOR, and Robert Taylor, Jr.
v.
TULANE UNIVERSITY OF LOUISIANA, et al.
No. 97-C-0977.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1997.
Rehearing Denied October 15, 1997.
Corinne Ann Morrison, Charles P. Blanchard, Simeon B. Reimonenq, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, for Relators.
Before SCHOTT, C.J., and BARRY, BYRNES, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
Relator, the Patient's Compensation Fund (hereinafter "PCF"), seeks supervisory writs on the trial court's denial of its motion in limine. We grant the writ and reverse the ruling of the trial court.

Facts
The underlying suit giving rise to this supervisory writ application is an action under the Medical Malpractice Act (hereinafter "MMA") against Tulane University Medical Center (hereinafter "TUMC"). The plaintiffs, Cynthia B. and Robert Taylor (hereinafter "the Taylors"), allege that Ms. Taylor suffered personal injury when a TUMC nurse improperly gave her a Demerol injection in her buttock causing neurological damage. TUMC entered into a settlement agreement with the plaintiffs which contained the following provisions:
Plaintiffs, Cynthia B. Taylor and Robert Taylor, Jr., and The Administrators of the Tulane Education Fund d/b/a Tulane University Medical Center have agreed to settle their dispute for SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($75,000.00) plus other considerations in excess of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00) ($100,000.00 equivalent) to be paid as follows:
A. $75,000.00 to be paid by and on behalf of The Administrators of the Tulane *1118 Educational Fund d/b/a Tulane University Medical Center.
The settlement agreement also contained a stipulation to liability which was provided in the event that the $75,000.00 plus "other consideration" was not determined to be sufficient for a judicial admission of liability under the MMA. Specifically, the settlement agreement stated that TUMC admits to liability as to plaintiffs' allegations,"that breach of the standard of care by defendant proximately caused a permanent and disabling neurological injury to Cynthia B. Taylor as a consequence of which she and Robert Taylor, Jr. suffered damages clearly exceeding $100,000.00." The agreement further contained a provision reserving plaintiffs' rights to proceed against the PCF.
TUMC and the Taylors subsequently presented the settlement agreement for court approval in accordance with the provisions of the MMA. The PCF, a statutory intervenor in the suit, filed an objection to the petition for settlement and a Motion to Strike Allegations of the Admission of Liability. Following a hearing, the trial court granted the PCF's motion to strike the stipulation of liability contained in the settlement agreement. The trial court approved the settlement agreement in the amount of $75,000.00 and struck from the provisions of the agreement the reference to "other consideration" in the amount of $25,000.00. The trial court also struck from the agreement any reference to an admission of liability on the part of TUMC.
Prior to the court's approval of the settlement of this malpractice claim, the plaintiffs propounded on TUMC three requests for admission, namely: (1) that the medical review panel that reviewed plaintiffs' claims correctly determined that Tulane failed to comply with the standard of care; (2) that a nurse employed by Tulane breached the standard of care by administering an injection into plaintiff's buttock, and (3) that plaintiff sustained a permanent neurological injury as a result of the injection. TUMC responded, admitting all three of plaintiffs' requests. Thereafter, the PCF filed a motion for leave to amend the responses to the admissions by TUMC. This motion was denied by the trial court. PCF filed for supervisory review in this court. This court denied writs, finding that PCF "is a third party, statutory intervenor, not the `alter ego' of a defendant health care provider." Taylor v. Tulane University of Louisiana, 96-0514 (La.App. 4th Cir. 4/11/97). The court stated specifically, however, that "the admissibility and effect to be given at trial of TUMC's admissions is not before the court." Id.
As a result of this ruling, the PCF subsequently filed a motion in limine, seeking a ruling that TUMC's admissions to liability, made in response to pre-trial requests for admission, were inadmissible at trial. The trial court denied that motion; the PCF now seeks our supervisory review of that ruling.

Admissibility of TUMC's admissions
Under the provisions of the Medical Malpractice Act, La. R.S. 40:1299.41, et seq., the liability of a single health care provider is limited to $100,000.00 for the injury or death of any one person. LSA-R.S. 40:1299.42(B)(2). The Act provides that damages in excess of $100,000.00, but not to exceed $500,000.00, shall be paid by the PCF. LSA-R.S. 40:1299(B)(1). Once a malpractice victim settles with a health care provider or its insurer for $100,000.00, the liability of the health care provider has been admitted or established. LSA-R.S. 40:1299.44(C)(5). A settlement for the health care provider's maximum liability of $100,000.00 triggers the liability of the PCF and further precludes the PCF from contesting the health care provider's liability. LSA-R.S. 40:1299.42(B)(3); Stuka v. Fleming, 561 So.2d 1371, 1374 (La. 1990). However, a settlement for less than the full $100,000.00 does not trigger the PCF's statutory liability and is insufficient to preclude the PCF from contesting the health care provider's liability. Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879.
In the present case, the Taylors concede that this case was not settled for TUMC's maximum liability of $100,000.00. In their trial court memorandum opposing the motion in limine, the Taylors argued that TUMC's admission of liability overrode the PCF's right, which they conceded to *1119 exist, to contest liability, despite the fact that the settlement amount was less than $100,000.00. The Taylors further argued that TUMC's admissions of liability are the crux of plaintiff's case and are wholly relevant and therefore admissible.
However, the Taylors argument completely ignores the specific statutory provisions governing a malpractice suit against a qualified health care provider under the MMA. Despite plaintiffs' contentions, the Louisiana Medical Malpractice Act's express language dictates that a settlement of less than $100,000.00 does not trigger the PCF's statutory liability nor does it preclude the PCF from contesting the qualified health care provider's liability. LSA-R.S. 40:1299.44(C)(5); Russo v. Vasquez, supra, 648 So.2d at 884. Where the health care provider settles for less than the maximum amount of $100,000.00 (in the Russo case the settlement was for $95,000.00), the PCF has the absolute right to contest the liability of the health care provider. Id.
In the present case, the admissions of liability of TUMC made during pre-trial discovery, while obviously relevant, completely thwart the clear and unambiguous terms of the MMA. The MMA expressly dictates the full monetary extent necessary to preclude the PCF from contesting liability of the health care provider. That amount is specifically stated to be $100,000.00 and no less. Where a health care provider and its insurer choose to settle for less than this amount, the PCF is statutorily authorized to contest liability. Allowing the plaintiffs to rely on the admissions of liability in this case completely undermines the PCF's statutory right to contest liability. The PCF can have no meaningful right to contest liability in the face of evidence presented of an admission of liability by the health care provider.
In fact, the trial court's ruling in this case would have the effect of relieving the plaintiffs of proving the liability of the health care provider, an effect which was not contemplated by the drafters of the MMA under the facts of this case. Carried to its logical conclusion, the ruling of the trial court would not preclude settlements for lesser amounts, i.e., $1,000.00 or $10,000.00, etc. coupled with an admission of liability thereby completely frustrating the legislative intent of the MMA.
We conclude that the ruling of the trial court denying relator's motion in limine directly subverts the statutorily created right of the PCF to contest liability where settlement is less than $100,000.00, and the ruling constitutes an abuse of the trial court's discretion. Accordingly, the judgment of the trial court is hereby reversed, and judgment is rendered granting the motion in limine brought by relator, excluding TUMC's admissions of liability from the trial of this matter.
WRIT GRANTED; TRIAL COURT RULING REVERSED.
PLOTKIN, J., dissents with written reasons.
BARRY, J., joins PLOTKIN's, J., dissent.
PLOTKIN, Judge, dissenting with written reasons.
I respectfully dissent from the majority's opinion reversing the trial court's ruling in this case. I would affirm the trial court's ruling and allow the Taylors to present evidence of TUMC's admission of liability in their case against the Patient's Compensation Fund (PCF).
As noted by the majority, the general rule is that when the defendant health care provider in a suit filed under the provisions of the Medical Malpractice Act (MMA) settles with the plaintiff for $100,000, the maximum amount of his liability under the MMA, he admits his liability for the plaintiff's damages, and the PCF is thereafter precluded from contesting the health care provider's liability. La. R.S. 40:1299.44(C)(5); Bijou v. Alton Ochsner Medical Found., 95-3074 (La.9/5/96), 679 So.2d 893, 896; Stuka v. Fleming, 561 So.2d 1371, 1373-74 (La.1990). However, a settlement for less than the full $100,000 does not trigger the PCF's statutory liability and is insufficient to preclude the PCF from contesting the health care provider's liability. Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879.
The Taylors do not claim that this case was settled for $100,000, TUMC's maximum *1120 liability under the MMA. Instead, in their trial court memorandum opposing the motion in limine, the Taylors concede the PCF's right to contest liability under the facts of this case, but argue that they should nevertheless be allowed to present TUMC's admission because it is relevant to the issue of liability, despite the fact the settlement amount was less than $100,000. Thus, the only issue presented by this application for supervisory writs is whether the PCF can prevent the Taylor's from presenting evidence of TUMC's admission of liability. The question of the PFC's right to contest liability is not at issue.
On the other hand, the PCF complains that the trial court erred in denying its motion in limine because it should not be bound by TUMC's erroneous admission of liability. The PCF argues that the Taylors should not be able to introduce into evidence the admissions made by TUMC if the PCF has the right to contest liability under the MMA.
In Stuka v. Fleming, 561 So.2d 1371 (La. 1990), the Louisiana Supreme Court held that the health care provider was the only party defendant contemplated by the MMA and that the PCF was really more in the nature of a statutory intervenor than a party defendant after a settlement for $100,000. Id. at 1374. Under La. C.C.P. art. 1094, an intervenor takes the proceedings as he finds them. Id. Moreover, in Dodson v. Community Blood Center, 633 So.2d 252 (La.App. 1st Cir.1993), writs denied 634 So.2d 850, 851 (La.1994), the Louisiana First Circuit Court of Appeal required the PCF to proceed with completed discovery, to use depositions of expert testimony even though the PCF was not present at their taking, and to accept the status of the jury trial at the time the PCF was served with the settlement proposal and declaration of the plaintiffs' intent to proceed against the PCF for sums in excess of the settlement amount of $100,000.
In support of its position, the PCF cites Bailes v. U.S. Fidelity & Guar. Co., 512 So.2d 633, 640 (La.App. 2d Cir.1987) (citing Madden v. Louisiana Power and Light Company, 334 So.2d 249 (La.App. 4th Cir.1976)), in support of the proposition that the purpose of a request for admissions is to eliminate the necessity of proving uncontroverted facts at trial. Allowing plaintiffs to rely on the admission of liability made by TUMC completely undermines the PCF's right, which the Taylors acknowledged in the trial court, to contest liability, the PCF claims, and the majority holds. Moreover, the PCF claims that the trial court's rulings are inconsistent, since the PCF has specifically been allowed to contest liability and because the trial court struck the stipulation to liability in the settlement itself, but denied the motion in limine.
The PCF's arguments on this issue are meritless. Although the general purposes of a judicial admission are to relieve one of the parties of the burden of proving a fact at trial and to preclude the other party from contesting that fact, the trial court's denial of the motion in limine in this case, the effect of which is to allow the admission of TUMC's admission of liability at trial, does not have that effect. Under the provisions of La. C.C. art. 1853, a judicial confession or admission "constitutes full proof [only] against the party that made it." See Jones v. Gillen, 564 So.2d 1274, 1279 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, 568 So.2d 1081 (La. 1990). Thus, TUMC's admission of liability cannot operate to relieve the Taylors of proving the liability of the health care provider in its suit against the PCF. A judicial admission may operate only against the party making the admission, not against other parties later joined in the suit. Thus, the majority's concern that the trial court's ruling "undermines the PCF's statutory right to contest liability" is unfounded.
In the instant case, the PCF has the absolute right to contest the liability of TUMC for the Taylor's damages, because the suit was apparently settled for $75,000, not the $100,000 statutory maximum liability of a health-care provider. On the other hand, the Taylors may offer into evidence any relevant evidence to traverse the PCF's challenge to TUMC's liability, including expert testimony. In doing so, the Taylors have the right to use any information gained through pre-trial discovery devices, including that gained from discovery occurring prior to PCF's involvement in the suit, as in any civil litigation. *1121 See Dodson, 633 So.2d 252. The admission of the answers to the request for admissions does not prevent the PCF from challenging the liability of TUMC, as the majority intimates.
The effect of the majority opinion is to allow a statutory intervenor to prevent relevant evidence gained in pre-trial discovery prior to its becoming involved in the suit. Such an effect is contrary to settled Louisiana law which requires an intervenor to take the proceedings as he finds them. Stuka, 561 So.2d at 1374. Under the settled law of the State of Louisiana, the PCF should not be allowed to use a motion in limine to deprive the Taylors of the benefits flowing from an honest admission to liability on the part of the health-care provider in proving their own case. The majority decision improperly shields the PCF from the effects of TUMC's admission.
I would deny the relief sought by the PCF.
BARRY, J., joins.