880 So.2d 269 (2004)
Prentiss JONES, Plaintiff-Applicant
v.
LSU HEALTH SCIENCES CENTER-SHREVEPORT, et al., Defendant-Respondents.
No. 39,292CW.
Court of Appeal of Louisiana, Second Circuit.
September 2, 2004.
The Singleton Law Firm by Samuel L. Jenkins, Jr., Shreveport, Angela Michelle Smith, for Applicant.
Charles C. Foti, Jr., Attorney General, John F. Frederickson, Assistant Attorney General, for Respondents.
Before GASKINS, CARAWAY and MOORE, JJ.
MOORE, J.
Plaintiff moved for summary judgment on his medical malpractice claim under La. R.S. 9:2794, supported by a report from the medical review panel finding that the defendant breached the standard of care and the breach caused the loss of the plaintiff's testicle. Defendant opposed the motion with an affidavit and report of a medical expert who concluded that there had been no breach in the standard of care and no malpractice. The court granted a partial summary judgment ruling that the *270 defendant breached the applicable standard of care, but it did not rule that the breach caused the plaintiff's injury or grant summary judgment on the issue of liability. Defendant sought supervisory jurisdiction of this court, which was granted. For the reasons above, we make the writ peremptory and reverse the judgment of the trial court.
The plaintiff supported his motion with the opinion of the medical review panel that there was a breach in the standard of care and this breach caused the injury to the plaintiff. Defendant opposed the motion with an affidavit and report from Dr. Jonathan Henderson, stating that the plaintiff's testicle was not viable when the plaintiff appeared in the emergency room. Based upon certain medical data and the history given, he concluded that there was no deviation in the standard of care in both the emergency room and in the following admission for the case, and no evidence of malpractice at any time.
The trial court erred when it granted a partial summary judgment regarding a breach of the standard of care. The court was presented with an opposing affidavit from a board-certified urologist stating that the plaintiff's testis was not viable when he presented at the emergency room on March 2, 2001. Where such opposition is presented in a summary judgment proceeding, the trial court should not weigh or determine the credibility of the evidence. Independent Fire Insurance Company v. Sunbeam Corporation, 1999-2181 (La.2/29/00) 755 So.2d 226. Accordingly, there remain disputed issues of material fact precluding summary judgment.
We further conclude that while La. C.C.P. art. 966 E permits summary judgment dispositive of "a particular issue," in this instance, the grant of a summary judgment on a single element of La. R.S. 9:2794, which sets out the elements to show liability in a medical malpractice claim, was improper. By dividing the issue of liability into smaller issues, the court's judgment that the defendant breached the standard of care might be used at trial to preclude the introduction of evidence by the defendant regarding whether there was a breach in the standard of care and that breach caused the plaintiff's injury. There is possibility of confusion arising out of the factual interrelationship between the adjudicated element and the unadjudicated element that could lead to inconsistent rulings and piecemeal litigation. Cf. Brantley v. State Farm Ins. Co., 33,386 (La.App. 2 Cir. 5/10/00) 760 So.2d 603.
For these reasons, we reverse the partial summary judgment of the trial court and remand this case for further proceedings.
WRIT GRANTED AND MADE PEREMPTORY.
GASKINS, J., concurs in result.