942 So.2d 686 (2006)
Phyllis Smith ALLEN, Plaintiff-Respondent,
v.
Dr. Ronzee McIntyre BRIDGES, Defendant,
Louisiana Patients Compensation Fund, Defendant-Applicant.
No. 41,169-CW.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*687 Walter F. Clawson, Shreveport, for Defendant-Applicant.
Samuel L. Jenkins, Jr., for Plaintiff-Respondent.
Robert G. Pugh, Jr., Baton Rouge, for Defendant.
Before WILLIAMS, STEWART and LOLLEY, JJ.
WILLIAMS, Judge.
The defendant, Louisiana Patient's Compensation Fund ("PCF"), appeals a judgment granting in part the motion in limine filed by the plaintiff, Phyllis Allen, to exclude the testimony of certain witnesses. The supreme court granted the PCF's writ application and remanded the matter to this court for briefing, argument and opinion. For the following reasons, we affirm, deny the writ and remand.

FACTS
In 2000, Phyllis Allen was diagnosed with cancer of the left and right breasts. Following a mastectomy of each breast, Allen was evaluated by Dr. R. McIntyre Bridges, who performed reconstructive surgery of Allen's breasts. On February 23, 2001, Allen was admitted for a surgical procedure by Dr. Bridges described as a capsulectomy, debridement of wound and cleaning of the right breast reconstruction. During the cleansing of the implant with ethyl alcohol, a machine used to cauterize wounds sparked, producing a flame which ignited the ethyl alcohol and burned Allen. The wound was treated and the implant was replaced.
*688 In September 2003, a Medical Review Panel issued a unanimous opinion that Dr. Bridges had breached the applicable standard of care and that his conduct caused damages to Allen. Subsequently, the plaintiff, Phyllis Allen, filed a petition for damages against the defendant, Dr. Bridges. Plaintiff filed a motion for summary judgment on the basis of the MRP opinion and an affidavit of a panel member. In April 2004, the district court rendered judgment granting plaintiff's motion for summary judgment "insofar as establishing the defendant's liability for failing to meet the medical standard of care" during the February 2001 procedure. All other available defenses were reserved to defendant.
Thereafter, plaintiff agreed to a settlement with Dr. Bridges and his insurer in the amount of $85,000. In September 2004, plaintiff filed a petition for authority to settle the medical malpractice claim. The court rendered judgment recognizing the settlement, with a full reservation of plaintiff's rights against the PCF. In November 2004, the PCF filed its objections and answer to the petition to settle the medical malpractice claim.
In September 2005, plaintiff filed a motion in limine to prohibit the PCF from offering any evidence at trial to show that Dr. Bridges did not breach the standard of care, based upon the district court's April 2004 summary judgment. On October 24, 2005, the court rendered judgment granting the motion in limine, prohibiting the PCF from "offering testimony from any witness in any manner that Dr. Bridges did not breach the standard of care, since this issue has already been decided by the court." Although the PCF filed a notice of intent to seek supervisory review, the record does not reflect that such an application was filed.
In a second motion in limine, the plaintiff attempted to prohibit the PCF from offering expert testimony on the issues of liability, causation or damages from Linda Dessommes, CLNC, Joyce Miller, RN, Dr. Bryan Barrilleaux or Dr. Barron O'Neal. The motion stated that the court had issued a scheduling order requiring the parties to identify all experts and deliver a copy of their reports no later than 70 days before trial, which was scheduled for December 5, 2005. Plaintiff alleged that the PCF had failed to provide expert reports for the above-named witnesses within the required deadline.
After a hearing on the motion in limine, the district court's judgment granted the motion in part, excluding the testimony of Drs. Barrilleaux and O'Neal. However, the court denied the motion as to Dessommes and Miller and required the PCF to provide plaintiff with the experts' reports by December 5, 2005. The PCF filed a writ application with this court, which denied the writ upon the showing made. Allen v. Bridges, 41,169 (La.App.2d Cir.2/16/06). The supreme court granted the PCF's application for writ of supervisory review and remanded the matter to this court for briefing, argument and opinion. Allen v. Bridges, 06-0659 (La.4/28/06), 927 So.2d 273.

DISCUSSION
The PCF contends the district court erred in granting the plaintiff's motion in limine, thereby prohibiting the PCF from introducing the testimony of certain experts. The PCF argues that under the express language of the Medical Malpractice Act, plaintiff's settlement with Dr. Bridges in an amount less than $100,000 does not preclude the PCF from contesting the health care provider's liability.
Pursuant to the Louisiana Medical Malpractice Act ("MMA"), LSA-R.S. *689 40:1299.41 et seq., the liability of a single qualified health care provider is limited to $100,000 for the injury or death of any one person. LSA-R.S. 40:1299.42(B)(2). The act provides that damages in excess of $100,000, but which do not exceed $500,000, shall be paid by the PCF. LSA-R.S. 40:1299.42(B)(3). In approving a settlement or determining the amount, if any, to be paid by the PCF, the court is required to consider the liability of the health care provider as admitted and established when the provider or its insurer has paid $100,000. LSA-R.S. 40:1299.44(C)(5). A settlement for the health care provider's maximum liability of $100,000 triggers the PCF's liability for excess damages and precludes the PCF from contesting the health care provider's liability. LSA-R.S. 40:1299.42(B)(3); Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879. However, a settlement of less than the full $100,000 does not trigger the PCF's statutory liability for excess damages and is insufficient to preclude the PCF from contesting the health care provider's liability. Russo, supra; Taylor v. Tulane University of Louisiana, 97-0977 (La.App. 4th Cir.9/17/97), 699 So.2d 1117.
In its brief, the PCF contends that the testimony of all of its experts should be admitted into evidence, pointing out that plaintiff's settlement of her malpractice claim for less than $100,000 did not preclude the PCF from contesting Dr. Bridges' liability. However, the record indicates that the limitations on the PCF's presentation of expert testimony are primarily the result of its own conduct.
Although the PCF was an intervenor in the present action at the time of the October 2005 hearing on the plaintiff's motion in limine, the PCF's attorney did not appear at the hearing and did not request a continuance. In addition, after the district court granted plaintiff's motion to exclude any testimony that Dr. Bridges had not breached the applicable standard of care, the PCF failed to apply for a supervisory writ of review of that ruling. Consequently, the October 24, 2005 judgment is not before this court for review and the PCF is prohibited from presenting expert testimony on the issue of the health care provider's breach of the standard of care.
Nevertheless, in light of the above-cited statutory provisions, the PCF is not precluded from contesting the issue of whether Dr. Bridges' negligence was a cause of plaintiff's injuries. Contrary to plaintiff's argument in her brief that the April 2004 summary judgment established the physician's liability for her injuries, the summary judgment addresses the issue of "liability" only as to Dr. Bridges' failure "to meet the medical standard of care" during the February 2001 procedure. The judgment expressly reserves all other defenses available to the health care provider and does not address causation or the amount of damages. Thus, pursuant to the MMA, the plaintiff must still establish that Dr. Bridges' act of malpractice, his breach of the standard of care, was a cause of her injuries and prove the extent of those damages in her action against the PCF.
Even though the PCF is not precluded from contesting causation, the PCF is not entitled to present the testimony of specific experts in violation of the district court's scheduling order in this case. LSA-C.C.P. art. 1551 gives a court wide discretion to provide for implementation of a pretrial scheduling order and to ensure that the items of the pretrial order are enforced. The theory inherent in pretrial procedure is the avoidance of surprise and the allowance of the orderly disposition of the case. Absent an abuse of discretion, the trier of fact's decision in implementing and enforcing a pretrial scheduling order *690 will be upheld. Robinson v. Apria Healthcare, Inc., 38,438 (La.App.2d Cir.5/27/04), 874 So.2d 418.
In the present case, the scheduling order provided that the PCF shall "identify all expert witnesses and deliver to all counsel a report prepared by each expert, . . . no later than SEVENTY (70) DAYS BEFORE TRIAL. A witness whose report is not timely provided will not be allowed to testify as an expert at trial over objection absent a showing of good cause."
The plaintiff's October 2005 motion in limine sought to exclude the expert testimony of Drs. Barrilleaux and O'Neal and nurses Dessommes and Miller on the grounds that the PCF failed to timely deliver their expert reports 70 days before the December 5, 2005 trial date in compliance with the scheduling order. At the hearing on the motion in limine, after a bench conference with the attorneys, the district court reset the trial date and granted plaintiff's motion in part. The court rendered judgment excluding the testimony of Drs. Barrilleaux and O'Neal, apparently as a sanction for violation of the scheduling order, and denying the motion as to the nurses. This November 2005 judgment is the subject of the supreme court's remand and is the judgment properly before this court for review.
The PCF does not dispute that the expert reports were not provided to plaintiff and has not shown any reason why it was unable to timely deliver the reports as required by the pretrial scheduling order. Consequently, we cannot say the district court abused its discretion in excluding the testimony of Drs. Barrilleaux and O'Neal from evidence. Accordingly, we will affirm the November 2005 judgment (signed January 3, 2006) granting the motion in limine in part, deny the PCF's writ application and remand for further proceedings.

CONCLUSION
For the foregoing reasons, the district court's judgment granting in part the plaintiff's motion in limine is affirmed and the writ is hereby denied. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellant, Louisiana Patient's Compensation Fund.
AFFIRMED; WRIT DENIED AND REMANDED.