21 So.3d 1000 (2009)
Johnny CUBLEY and Kathy Cubley, Plaintiffs-Appellees
v.
WILLIS-KNIGHTON MEDICAL CENTER, Defendant-Appellant.
No. 44,435-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 2009.
Opinion on Grant of Rehearing November 4, 2009.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, LLP, by Lawrence W. Pettiette Rendi Wiggins, Shreveport, *1001 for Appellants, Louisiana Patient's Compensation Fund & Louisiana Patient's Compensation Fund Oversight Board.
Wallace Law Firm, by Lacey P. Wallace, Bossier City, for Appellees, Johnny Cubley & Kathy Cubley.
Watson, Blanche, Wilson & Posner, by Thomas H. Wartelle, Baton Rouge, for Appellant, Willis-Knighton Medical Center.
Before WILLIAMS, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
In this medical malpractice case, this court issued a Rule to Show Cause why this appeal should not be dismissed as moot and referred resolution of the issue to the merits of the appeal. In addition, with leave from this court, the Patient's Compensation Fund ("PCF") has filed a brief on the merits of the appeal challenging the trial court's partial summary judgment in favor of Plaintiffs, Johnny and Kathy Cubley. For the reasons stated herein, we conclude that the appeal is properly before this court, with the PCF as appellant. Furthermore, we reverse the partial summary judgment and remand the matter to the trial court for further proceedings.

FACTS
Mr. Cubley underwent a total knee replacement at Willis-Knighton Medical Center ("Willis-Knighton") in Shreveport on October 29, 2003. On October 31, he was transferred to the rehabilitation unit for physical therapy until his discharge on November 10. On November 2, while Mr. Cubley was being transported in his wheelchair by technician Debra Houston from physical therapy back to his room, the foot or leg rest unexpectedly swung out and Mr. Cubley's surgical leg fell from the rest and lowered toward the floor causing him pain. It is undisputed that the leg rest was not locked into position. Mr. Cubley submits that Ms. Houston was weaving down the hall, talking to other employees who were walking down the hall. According to Mr. Cubley, when the foot rest swung out, he screamed in pain, but Ms. Houston told him to quit "hollering" and continued her conversation. He states that his leg was actually pulled under the wheelchair and his entire body had to arch up leaving only his head resting on the back of the chair. Mr. Cubley contends that, as a result, he suffered a prolonged recovery and hospital stay and has experienced back pain, which has required further medical care.
Ms. Houston testified in deposition that she heard Mr. Cubley "scream" in pain and she went around the wheelchair, locked the footrest back in place and positioned Mr. Cubley's leg back on the footrest and continued to his room. She denies that his leg was hyperflexed under the wheelchair and does not recall that his leg actually hit the floorjust that it lowered down some.
After Mr. Cubley was returned to his hospital bed, polar packs were applied to the knee and he was given pain medication. Ms. Houston filled out an incident report as required by hospital policy. The nurse on duty noted that the knee "appeared as before" and x-rays revealed that the prosthesis was still well positioned. Mr. Cubley's physician noted that the knee was stable and there was "no significant injury."
Mr. Cubley filed this malpractice claim, asserting that the physical therapy technician breached the standard of care in transporting him from physical therapy back to his hospital room with the wheelchair footrest unlocked. According to the Cubleys, the failure to secure the footrest *1002 allowed it to swing out of position allowing his leg on which he had just had knee surgery to fall to the floor causing further injury to his leg and back. The medical review panel found no breach of the standard of care, addressing only the knee surgery with no reference to the alleged wheelchair incident in its brief opinion. The Cubleys then moved for summary judgment, which was granted as to liability and denied as to post-accident medical treatment. Willis-Knighton subsequently moved for new trial, which was denied, and Willis-Knighton filed notice of appeal.
Prior to the filing of briefs on appeal, however, the Cubleys and Willis-Knighton mediated and settled the claim for approximately $53,000. In the settlement document, the Cubleys reserved their right to proceed against the PCF and made a demand for excess judgment against the PCF. Notice of settlement was provided to the PCF. The parties then petitioned for court approval of the settlement. The petition alleged that the appeal filed by Willis-Knighton would be dismissed, absent an objection by the PCF. The PCF subsequently filed an "Objection to Petition for Court Approval of Settlement" alleging that the appeal should continue and not be dismissed. The appeal was not dismissed and Willis-Knighton filed for an extension of the briefing deadline to allow counsel to enroll for the PCF on appeal. The extension was granted by this court and a motion to enroll as counsel on behalf of the PCF was filed. The motion was initially denied on the basis that the PCF was not a party to the action, had not been substituted as a party or intervened in the suit and because the record contained no court-approved settlement.
The record on appeal was then supplemented to include a judgment of the trial court approving the settlement and reserving the Cubleys' right to proceed against the PCF. Counsel for the PCF then filed a "Motion to Substitute Parties, Enroll as Counsel of Record for Louisiana Patient's Compensation Fund, and For Leave to File Attached Brief on Behalf of Appellant, Louisiana Patient's Compensation Fund." In this motion, the PCF argued that, when the PCF received notice of the petition for court approval of the settlement and filed its objection thereto, it became a party to the litigation and now steps into the shoes of Willis-Knighton on appeal. This court then issued a Rule to Show Cause to the Cubleys, Willis-Knighton and the PCF why the appeal should not be dismissed as moot. The PCF and the Cubleys filed briefs on the issue and this court then ordered that the issue be referred to the merits of the appeal and allowed the PCF to file a brief on the merits. As a threshold issue, we will first rule on the PCF's motion and the dismissal of the appeal as moot.

DISCUSSION

Dismissal of Appeal as Moot
Summarily stated, the question to be resolved is whether or not the appeal is moot by virtue of the settlement between the initial party plaintiff and defendant and PCF's failure to intervene or become a party to the action prior to the appeal. Stated another way, can the PCF continue the appeal in Willis-Knighton's capacity as Defendant/Appellant in order to exercise its statutory right to contest the ruling on liability in the partial summary judgment below? We conclude that the appeal may proceed with the PCF as Appellant.
Pursuant to the Louisiana Medical Malpractice Act ("MMA"), La. R.S. 40:1299.41, et seq., the liability of a single qualified health care provider is limited to $100,000 for the injury or death of any one person. La. R.S. 40:1299.42(B)(2). The act provides that damages in excess of $100,000, *1003 but which do not exceed $500,000, shall be paid by the PCF. La. R.S. 40:1299.42(B)(3). In approving a settlement or determining the amount, if any, to be paid by the PCF, the court is required to consider the liability of the health care provider as admitted and established when the provider or its insurer has paid $100,000. La. R.S. 40:1299.44(C)(5). A settlement for the health care provider's maximum liability of $100,000 triggers the PCF's liability for excess damages and precludes the PCF from contesting the health care provider's liability. La. R.S. 40:1299.42(B)(3); Allen v. Bridges, 41,169 (La.App. 2d Cir.11/1/06), 942 So.2d 686, citing Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879. A settlement of less than the full $100,000, however, does not trigger the PCF's statutory liability for excess damages and is insufficient to preclude the PCF from contesting the health care provider's liability. Allen, supra; Russo, supra; Taylor v. Tulane University of Louisiana, 97-0977 (La.App. 4th Cir.9/17/97), 699 So.2d 1117. In such cases, the PCF has an absolute right to contest liability.
In medical malpractice cases, the PCF is not a co-obligor or co-defendant with the health care provider. Dodson v. Community Blood Center of Louisiana, Inc., 92-2068 (La.App. 1st Cir.11/24/93), 633 So.2d 252, writs denied, 93-3158, 93-3174 (La.3/18/94), 634 So.2d 850, 851. Rather, when the fund is defending an action for excess damages after a plaintiff has settled with a health care provider, the PCF is in the nature of a statutory intervenor rather than a party defendant. Dodson, supra; Stuka v. Fleming, 561 So.2d 1371 (La. 1990), cert. denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). Again, the issue presented in the case sub judice is what action is required by the PCF in order to bring it into the suit for purposes of exercising its statutory right to contest liability when there has been a prior summary judgment on the issue of liability, and an appeal filed thereto, before the health care provider and plaintiffs settled and before the PCF has been given notice of the settlement and an opportunity to object.
As previously described, a petition for court approval of the settlement was filed which contained a provision for dismissal of the present appeal, absent an objection to the settlement by the PCF. On receipt of notice of the petition for court approval, the PCF filed an objection, urging that the appeal not be dismissed. While it may have been optimal for the PCF to have filed a Petition for Intervention as well as its objection, we conclude that the PCF entered the litigation at the time the demand for excess judgment was made against it and it objected to the settlement, requesting that the appeal proceed. In Dodson, supra, the court treated a petition for approval of settlement and the PCF's objection thereto as the PCF's entrance into the suit and held that the PCF "takes the proceedings as it finds them" upon entering the litigation. In this regard, we note that the PCF enters the current litigation, taking the proceeding as it finds them, with a pending appeal from a partial motion for summary judgment on the issue of liability, an issue that it has a statutory right to contest. The PCF could not have contested liability earlier, as the PCF is not a party defendant until a demand for excess judgment is made against it. If the PCF were not allowed to proceed with the appeal, its statutory right would be abrogated by a judgment rendered before the PCF was on notice of any claim for excess damages against it. We do not believe that such a result was envisioned by the legislature in adopting the process outlined in La. R.S. 40:1299.41, et seq. We find, therefore, that the appeal is not moot *1004 and grant the motion to enroll of the PCF and now turn to the merits of the appeal.

Partial Motion for Summary Judgment
The PCF presents two assignments of error: 1) that there is a genuine issue of material fact as to liability and 2) that the trial court erred in dividing the issue of negligence from causation in granting the motion for partial summary judgment. Finding merit in the second argument of the PCF, we conclude that the trial court improperly bifurcated the issues of liability and causation; and, therefore, we must reverse the partial summary judgment.
In oral reasons for granting the partial summary judgment, the trial judge stated:
. . . no genuine issue of material fact and that the mover is entitled to summary judgment on the issue of liability arising out of the incident involving the wheelchair. . . Insofar as post-incident treatment, summary judgment must be denied. That sort of care would require an expert opinion. So to restate briefly, motion for summary judgment as to liability of the wheelchair incident is granted. The issue remaining will be that of damages.
The ruling was reduced to judgment reading, in pertinent part, as follows:
It is hereby ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary Judgment on the issue of liability arising out of the "wheelchair incident" is GRANTED.
Plaintiff's motion for Summary Judgment on all other issues is DENIED.
This court has previously addressed the issue of a partial summary judgment on the issue of liability in the case of Jones v. LSUSHSC, 39,292 (La.App. 2d Cir.9/2/04), 880 So.2d 269, wherein we held that the trial court erred in granting a partial motion for summary judgment on the sole issue of the breach of standard of care in a medical malpractice action. In Jones, the trial court ruled only on liability, or the breach of the standard of care, and did not address the issue of whether the breach caused the plaintiff's injury. Writing for this court, J. Moore explained:
We further conclude that while La. C.C.P. art. 966 E permits summary judgment dispositive of "a particular issue," in this instance, the grant of a summary judgment on a single element of La. R.S. 9:2794, which sets out the elements to show liability in a medical malpractice claim, was improper. By dividing the issue of liability into smaller issues, the court's judgment that the defendant breached the standard of care might be used at trial to preclude the introduction of evidence by the defendant regarding whether there was a breach in the standard of care and that breach caused the plaintiffs injury. There is possibility of confusion arising out of the factual interrelationship between the adjudicated element and the unadjudicated element that could lead to inconsistent rulings and piecemeal litigation.
As in Jones, the partial summary judgment in the instant case ruled only on liability and did not speak to the issue of causation. As such, the judgment improperly divided the issues on summary judgment. For this reason, we reverse the partial summary judgment of the trial court and remand the matter for further proceedings.

DECREE
For the foregoing reasons, the "Motion to Substitute Parties, Enroll as Counsel of Record for Louisiana Patient's Compensation Fund, and For Leave to File Attached Brief on Behalf of Appellant, Louisiana Patient's Compensation Fund" filed by the Patient's Compensation Fund is granted. The judgment of the trial court granting partial summary judgment in favor of the *1005 Cubleys on the issue of liability is reversed and the matter is remanded for further proceedings. Costs of appeal are assessed to Plaintiffs/Appellees Johnny and Kathy Cubley.
MOTION GRANTED; JUDGMENT REVERSED AND REMANDED.

Per Curiam on Rehearing
Before BROWN, WILLIAMS, PEATROSS, MOORE and LOLLEY, JJ.
PER CURIAM.
Rehearing was granted in the case sub judice to reconsider whether the appeal is moot. Briefly, this is an appeal by Defendant Willis-Knighton of a partial summary judgment in favor of the Plaintiffs, the Cubleys, in a medical malpractice action. Following the partial summary judgment, Willis-Knighton settled with the Cubleys for less than $100,000, with the Cubleys reserving their rights to proceed against the PCF. The appeal of the partial summary judgment was not dismissed and counsel for the PCF then filed in this court a "Motion to Substitute Parties, Enroll as Counsel of Record for Louisiana Patient's Compensation Fund, and For Leave to File Attached Brief on Behalf of Appellant, Louisiana Patient's Compensation Fund" seeking to "step into the shoes" of Willis-Knighton on appeal. This court then issued a Rule to Show Cause to the Cubleys, Willis-Knighton and the PCF why the appeal should not be dismissed as moot.
After further consideration, this court finds the instant appeal to be moot, because the partial summary judgment therein, between the Cubleys and Willis-Knighton, is not binding on the PCF.
As set forth in the original opinion of this court:
Pursuant to the Louisiana Medical Malpractice Act ("MMA"), La. R.S. 40:1299.41, et seq., the liability of a single qualified health care provider is limited to $100,000 for the injury or death of any one person. La. R.S. 40:1299.42(B)(2). The act provides that damages in excess of $100,000, but which do not exceed $500,000, shall be paid by the PCF. La. R.S. 40:1299.42(B)(3). In approving a settlement or determining the amount, if any, to be paid by the PCF, the court is required to consider the liability of the health care provider as admitted and established when the provider or its insurer has paid $100,000. La. R.S. 40:1299.44(C)(5). A settlement for the health care provider's maximum liability of $100,000 triggers the PCF's liability for excess damages and precludes the PCF from contesting the health care provider's liability. La. R.S. 40:1299.42(B)(3); Allen v. Bridges, 41,169 (La.App. 2d Cir.11/1/06), 942 So.2d 686, citing Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879. A settlement of less than the full $100,000, however, does not trigger the PCF's statutory liability for excess damages and is insufficient to preclude the PCF from contesting the health care provider's liability. Allen, supra; Russo, supra; Taylor v. Tulane University of Louisiana, 97-0977 (La.App. 4th Cir.9/17/97), 699 So.2d 1117. In such cases, the PCF has an absolute right to contest liability.
Based on the above statutory scheme and jurisprudence, we conclude that there are two instances in which the PCF may become bound on liability: (1) where there is a settlement for a minimum of $100,000; and (2) where there is a judgment following trial in the amount of $100,000 or more, neither of which occurred in this case. Accordingly, we further conclude that the partial summary judgment in the instant case, between the Cubleys and Willis-Knighton, is not binding on the PCF. Moreover, the partial summary judgment in favor of the Cubleys has no res judicata effect, as the continuing proceedings below *1006 involve the Cubleys' demand for excess judgment against a wholly different defendant, the PCF. It logically follows, therefore, that the PCF does not "stand in the shoes" of Willis-Knighton for purposes of appealing the partial summary judgment. Rather, the appeal is moot, as Willis-Knighton, after taking the appeal, settled with the Cubleys.
In summary, since the partial summary judgment is not binding on the PCF, the PCF may exercise its right to contest liability in the trial court. In addition, the PCF is not required to proceed with the appeal of a partial summary judgment rendered against a different defendant. Regarding the latter, we note that the PCF did not have the opportunity to oppose the motion for partial summary judgment in the trial court and, under this holding, the PCF will have the opportunity to fully contest liability with the presentation of evidence to the court if necessary.
In light of our conclusion that the current appeal is moot, we will not address the merits of the appeal concerning the alleged improper division of issues in the partial summary judgment.
APPEAL DISMISSED AS MOOT.