Per Curiam on Rehearing
Before BROWN, WILLIAMS, PEATROSS, MOORE and LOLLEY, JJ.
PER CURIAM.
| Rehearing was granted in the case sub judice to reconsider whether the appeal is moot. Briefly, this is an appeal by Defendant Willis-Knighton of a partial summary judgment in favor of the Plaintiffs, the Cubleys, in a medical malpractice action. Following the partial summary judgment, Willis-Knighton settled with the Cubleys for less than $100,000, with the Cubleys reserving their rights to proceed against the PCF. The appeal of the partial summary judgment was not dismissed and counsel for the PCF then filed in this court a “Motion to Substitute Parties, Enroll as Counsel of Record for Louisiana Patient’s Compensation Fund, and For Leave to File Attached Brief on Behalf of Appellant, Louisiana Patient’s Compensation Fund” seeking to “step into the shoes” of Willis-Knighton on appeal. This court then issued a Rule to Show Cause to the Cubleys, Willis-Knighton and the PCF why the appeal should not be dismissed as moot.
After further consideration, this court finds the instant appeal to be moot, because the partial summary judgment therein, between the Cubleys and Willis-Knighton, is not binding on the PCF.
As set forth in the original opinion of this court:
Pursuant to the Louisiana Medical Malpractice Act (“MMA”), La. R.S. 40:1299.41, et seq., the liability of a single qualified health care provider is limited to $100,000 for the injury or death of any one person. La. R.S. 40:1299.42(B)(2). The act provides that damages in excess of $100,000, but which do not exceed $500,000, shall be paid by the PCF. La. R.S. 40:1299.42(B)(3). In approving a settlement or determining the amount, if any, to be paid by the PCF, the court is required to consider the liability of the health care provider as admitted and established when the provider or its insurer has paid $100,000. La. R.S. 40:1299.44(C)(5). A settlement for the health care provider’s maximum liability of $100,000 12 triggers the PCF’s liability for excess damages and precludes the PCF from contesting the health care provider’s liability. La. R.S. 40:1299.42(B)(S); Allen v. Bridges, 41,-169 (La.App. 2d Cir.11/1/06), 942 So.2d 686, citing Russo v. Vasquez, 94-2407 (La.1/17/95), 648 So.2d 879. A settlement of less than the full $100,000, however, does not trigger the PCF’s statutory liability for excess damages and is insufficient to preclude the PCF from contesting the health care provider’s liability. Allen, supra; Russo, supra; Taylor v. Tulane University of Louisiana, 97-0977 (La.App. 4th Cir.9/17/97), 699 So.2d 1117. In such cases, the PCF has an absolute right to contest liability.
Based on the above statutory scheme and jurisprudence, we conclude that there are two instances in which the PCF may become bound on liability: (1) where there is a settlement for a minimum of $100,000; and (2) where there is a judgment following trial in the amount of $100,000 or more, neither of which occurred in this case. Accordingly, we further conclude that the partial summary judgment in the instant case, between the Cubleys and Willis-Knighton, is not binding on the PCF. Moreover, the partial summary judgment in favor of the Cubleys has no res judicata effect, as the continuing proceedings below *1006 involve the Cubleys’ demand for excess judgment against a wholly different defendant, the PCF. It logically follows, therefore, that the PCF does not “stand in the shoes” of Willis-Knighton for purposes of appealing the partial summary judgment. Rather, the appeal is moot, as Willis-Knighton, after taking the appeal, settled with the Cubleys.
In summary, since the partial summary judgment is not binding on the PCF, the PCF may exercise its right to contest liability in the trial court. In addition, the PCF is not required to proceed with the appeal of a partial summary judgment rendered against a different defendant. Regarding the | slatter, we note that the PCF did not have the opportunity to oppose the motion for partial summary judgment in the trial court and, under this holding, the PCF will have the opportunity to fully contest liability with the presentation of evidence to the court if necessary.
In light of our conclusion that the current appeal is moot, we will not address the merits of the appeal concerning the alleged improper division of issues in the partial summary judgment.
APPEAL DISMISSED AS MOOT.