Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,413-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

HENRY CARROLL AND ANNIE                    Plaintiffs
CARROLL

versus

DR. MAHMOUD SHEIKH-                         Defendants-Appellees
KHALIL AND P&S SURGICAL
HOSPITAL

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 19-2250

Honorable Alvin R. Sharp, Judge

* * * * *

THE HARVILLE LAW FIRM, LLC          Counsel for Appellants
By: Douglas Lee Harville            Annie Carroll and the
                                    Estate of Henry Carroll
S. DOUGLAS BUSARI & ASSOCIATES, LLC
By: S. Douglas Busari

CHARLES M. HEROLD, III, APLC         Counsel for Appellee,
By: Charles M. Herold, III           Dr. Mahmoud Sheikh-
                                     Khalil
HAMMONDS, SILLS, ADKINS,
GUICE, NOAH & PERKINS, LLP            Counsel for Appellee
By: John B. Saye                     P&S Surgical Hospital

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Alvin R. Sharp presiding. Plaintiffs, Henry Carroll and Annie Carroll ("plaintiffs" or "appellants"), appeal the trial court's ruling precluding them from calling any witnesses at trial as a result of their failure to timely file a "will call" witness list. For the following reasons, we affirm.

## FACTS

On October 5, 2016, Mr. Carroll underwent an outpatient heart procedure by Dr. Mahmoud Sheikh-Khalil ("Dr. Khalil") at P&S Surgical Hospital ("P&S Hospital") located in Monroe, Louisiana. On July 17, 2019, plaintiffs filed a medical malpractice action against Dr. Khalil and P&S Hospital ("defendants" or "appellees") alleging that Dr. Khalil negligently perforated Mr. Carroll's right ventricular apical sac during an attempt to place a biventricular ICD.[1] Plaintiffs sought damages arising from Dr. Khalil's negligence.

On December 3, 2019, P&S Hospital filed a motion for summary judgment asserting that it did not employ Dr. Khalil and, therefore, was not vicariously liable for his actions. P&S Hospital further argued that the medical review panel found all services rendered by P&S Hospital and its staff were within the standard of care and that plaintiffs had produced no opinion stating otherwise.

---

[1] Henry Carroll died prior to trial. His widow, Annie Carroll, was substituted in his place.

On January 27, 2020, plaintiffs opposed the motion for summary judgment and attached an expert affidavit by Dr. David Korn wherein Dr. Korn found Dr. Khalil and P&S Hospital performed below the standard of care resulting in the injuries claimed by plaintiffs.

On March 11, 2020, the trial court granted summary judgment on plaintiffs' direct liability and negligent hiring claim against P&S Hospital. However, the trial court denied summary judgment on plaintiffs' vicarious liability claims against P&S Hospital. On March 16, 2020, the trial court entered a judgment consistent with these findings.

On October 5, 2020, the trial court entered a scheduling order setting trial for August 30, 2021. Among other deadlines, the scheduling order provided as follows with respect to exhibits and witnesses:

> **IT IS ORDERED** that exhibit lists shall be exchanged and filed **three weeks** before the trial date.

> **IT IS ORDERED** that each party shall name, exchange, and file a final **WILL CALL** witness list which specifically categorizes each witness as either "layperson," "fact," or "expert." This shall be done no later than **three weeks** before the trial date.

> **THIS COURT WILL STRICTLY ADHERE TO THIS PROVISION. THIS COURT WILL NOT PERMIT COUNSEL TO CALL WITNESSES WHO ARE NOT LISTED.** (Emphasis in original.)

On July 14, 2021, the trial was continued and reset for April 4, 2022. On March 10, 2022, P&S Hospital and Dr. Khalil filed and exchanged their final will call witness lists and exhibit lists. Plaintiffs, however, did not file or exchange either their witness list or exhibit list at that time.

With the April 4, 2022, trial date fast approaching, plaintiffs were having issues producing their expert for a deposition. In order to address

2

those issues, the trial court held a status conference on March 14, 2022, and ordered plaintiffs to make their expert available to be deposed no later than March 18, 2022. Plaintiffs did not comply.

On March 31, 2022, the trial court continued the trial again without a date. On May 16, 2022, the trial court set trial for December 5, 2022, and entered a new scheduling order, which preserved the aforementioned deadlines as follows:

> **IT IS ORDERED** that the deadlines and requirements in the Court's Minute Entry and Order of July 16, 2021,[2] as it related to the April 4, 2022, trial date shall remain in place with no additional time granted for discovery, amendment to pleadings, exchange of will call witness lists and exhibit lists, filing of dispositive motions, joint jury charges, posting jury bond and filing fax numbers & emails. **THIS COURT WILL STRICTLY ADHERE TO THIS PROVISION. THE COURT WILL NOT PERMIT COUNSEL TO CALL WITNESSES WHO ARE NOT TIMELY LISTED.** (Emphasis in original.)

The scheduling order further admonished that "failure to comply may result in dismissal, delay and/or all appropriate actions by this court." Plaintiffs, however, did not exchange or file their will call witness list and exhibit list by the court-imposed deadline.

Having not received plaintiffs' lists, P&S Hospital and Dr. Khalil jointly filed a motion *in limine* on December 2, 2022. The motion asserted that plaintiffs' lawsuit should be dismissed or that all testimony and evidence should be excluded at trial because of their failure to file and exchange a will call witness list and exhibit list within the deadline set by the scheduling order. The motion also asserted that plaintiffs did not

---

[2] The reference in the scheduling order to a July 16, 2021, minute entry appears to be in error, as the trial court did not issue a new scheduling order in July 2021. The trial court almost certainly meant to refer to the minute entry and order of October 5, 2020.

sufficiently plead the issue of informed consent and, thus, should be prohibited from raising it at trial.

In response, plaintiffs filed their will call witness list, albeit more than two weeks after the deadline had passed. Plaintiffs did not file an exhibit list.

Trial commenced on December 5, 2022. Before trial, Dr. Khalil and P&S Hospital urged their motion *in limine*, which the trial court granted. The trial court orally ruled that informed consent had not been sufficiently pled, thus plaintiffs would be precluded from offering testimony or exhibits related to informed consent claims. As to the issue of plaintiffs' failure to timely file and exchange their witness and exhibit lists, the trial court found it important to enforce its own orders:

> The real issue here is whether or not the Court's orders should be complied with. The Court is of the view and of the position and we have been like I said for twenty-five years, it has to be. If we don't, the Court would be in the business of doing a useless thing, and we would be wasting ink and killing trees for no purpose. We would have to ask the question, if the defense can file theirs, why can't you file yours?

Due to the court's ruling, plaintiffs were prohibited from calling any witnesses once trial began. Dr. Khalil and P&S Hospital promptly moved for a directed verdict, which the trial court granted, citing its ruling on the motion *in limine*. Plaintiffs were then permitted to proffer the expected testimony of their witnesses.

On January 11, 2023, the trial court entered a written order granting the motion *in limine*. On February 16, 2023, the trial court entered a written

4

order granting the directed verdict. Plaintiffs appeal the trial court's rulings.[3]

## DISCUSSION

Appellants argue that there was no showing of prejudice to Dr. Khalil and P&S Hospital based on plaintiffs' failure to timely file a will call witness list and exhibit list. Plaintiffs note that Dr. Khalil and P&S Hospital did not assert that they were unaware Ms. Carrol or Dr. Korn would testify at trial or that they had knowledge relevant to plaintiffs' allegations. Plaintiffs further pointed out that any witness identified in discovery was named as a may call witness, and that Ms. Carroll and Dr. Korn had both been deposed prior to trial. Thus, according to plaintiffs, there was no surprise when Ms. Carroll, Dr. Korn, and Dr. Khalil were identified as will call witnesses by plaintiffs in their tardily filed will call witness list.

Appellants further argue that there was no showing of bad faith on their part in failing to timely file their lists. Plaintiffs note that Dr. Khalil and P&S Hospital did not allege that plaintiffs were involved in their attorney's failure to provide a timely will call witness list. Plaintiffs assert that they should not be punished for their attorney's mistake.

For these reasons, plaintiffs ask this court to reverse the trial court's order that they cannot call any witnesses at trial and to remand this matter to the trial court for further proceedings.

---

[3] Plaintiffs' notice of appeal was filed on February 10, 2023, thus it only referenced the trial court's ruling on the motion *in limine*. However, the written judgment on the directed verdict was based directly on the trial court's ruling on the motion *in limine* to preclude plaintiffs from offering testimony or exhibits. Therefore, any prematurity in the notice of appeal was cured when the judgment was signed. *See e.g. Reed v. Superior Motors*, 415 So. 2d 219 (La. App. 2 Cir. 1982) (holding that "appeals are favored under the law and the signing of the judgment appealed from at a point close in time to the time the judgment was orally stated, cures the alleged defect of a premature appeal").

P&S Hospital argues that the trial court did not abuse its discretion in excluding plaintiffs' witnesses and exhibits for their failure to comply with the clear terms of the scheduling order, which used the mandatory term "shall." P&S Hospital notes that the scheduling order required plaintiffs to file and exchange the lists at least three weeks before the April 4, 2022 trial date, or at the very least, three weeks before the December 5, 2022 trial date, and it is undisputed that plaintiffs missed these deadlines.

P&S Hospital further asserts that, contrary to plaintiffs' claims, this court is not required to determine plaintiffs' willfulness or bad faith. Since this case involves the exclusion of witnesses and exhibits rather than outright dismissal, P&S Hospital asserts that this court's role is to determine whether the trial court's decision was reasonable or an abuse of discretion.

P&S Hospital argues that plaintiffs' assertion that appellees should have known which witnesses plaintiffs would call ignores the realities of litigation and the purpose of requiring final witness lists. P&S Hospital further asserts that this claim by plaintiffs is seriously undercut by the fact that the witness list plaintiffs filed one business day before trial named a previously undisclosed expert, Dr. Robert White.

Dr. Khalil argues that the trial court has broad discretion to control the pretrial proceedings and enforce its own orders. Dr. Khalil further takes issue with plaintiffs' insinuation that the trial court's ruling was based on a single, harmless infraction of the pretrial order. Dr. Khalil claims that the trial court's ruling was instead based on plaintiffs' entire body of work, which included multiple violations, false representations, refusal to answer direct questions by the court, and judicial confessions.

6

Dr. Khalil lists plaintiffs' numerous violations of the scheduling order as follows:

1. Plaintiffs failed to comply with all of the trial court's orders requiring the exchange and filing of will call witness lists three weeks before trial.

2. Plaintiffs failed to comply with all of the trial court's orders requiring the exchange and filing of exhibit lists three weeks before trial.

3. Plaintiffs never filed a trial exhibit list.

4. Plaintiffs failed to produce an expert for deposition by defendants on or before March 18, 2022, as ordered by the court.

5. Plaintiffs failed to take their expert's trial deposition on or before March 18, 2022, as ordered by the court.

6. Plaintiffs' attorney falsely stated to the court that defendants did not file or exchange will call witness lists or exhibit lists.

7. Only after receiving defendants' motion *in limine* on the eve of trial did plaintiffs file and exchange their will call witness list.

8. Plaintiffs' counsel refused to admit to the court that he only filed and exchanged their will call witness list after defendants' motion *in limine* was filed.

9. Plaintiffs' counsel provided no good faith explanation for multiple violations of the trial court's orders.

Dr. Khalil argues that this court is not required to determine plaintiffs' willfulness or bad faith, but that even if it was, the totality of the circumstances and cumulative effect of plaintiffs' actions and judicial confessions reflect bad faith, fault, and willful failure to comply with the trial court's orders.

Dr. Khalil and P&S Hospital request that this court affirm the trial court's rulings granting both their motion *in limine* and motion for a directed verdict.

At the outset of our explanation, we underscore that the power necessary for the exercise of a court's jurisdiction inheres in the court with the corollary that such power embraces the reasonable enforcement of its lawful orders and directives such that those subject to its lawful orders and directives can be compelled to adhere to them. *See* La. C.C.P. art. 191 ("A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not expressly granted by law"). The inability – or even the failure – of a court to reasonably enforce its judgments, orders, or directives would render them mere words on paper.

Thus, our law necessarily affords trial judges great discretion and power over the control of proceedings in their respective courtrooms: "A court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." La. C.C.P. art. 1631(A).

La. C.C.P. art. 1551 gives a court wide discretion to provide for implementation of a pretrial scheduling order and to ensure that the items of the pretrial order are enforced. The theory inherent in pretrial procedure is the avoidance of surprise and the allowance of the orderly disposition of the case. *Allen v. Bridges*, 41,169 (La. App. 2 Cir. 11/1/06), 942 So. 2d 686. Absent an abuse of discretion, the trier of fact's decision in implementing and enforcing a pretrial scheduling order will be upheld. *Robinson v. Apria Healthcare, Inc.*, 38,438 (La. App. 2 Cir. 5/27/04), 874 So. 2d 418.

In *Benware v. Means*, 99-1410 (La. 1/19/00), 752 So. 2d 841, the Louisiana Supreme Court concluded that there was no error in a trial court's exclusion of all witnesses, exhibits, and defenses by a defendant who had

8

repeatedly failed to comply with pretrial orders. At trial, the defendant could only cross-examine witnesses presented by the plaintiff and ultimately, judgment was entered against him. Reasoning that the "drastic" remedy relied on by the trial court was appropriate given the circumstances, the supreme court set forth several factors for crafting penalties for failure to follow a pretrial order, stating:

> Other important considerations in determining the appropriateness of the penalty for a pre-trial order violation, in addition to the question of whether the client participated in the violation, are the stage of the proceeding at which the violation occurred, the presence or absence of prejudice to the opposing party's preparation of the case, and the nature and persistency of the misconduct that constitutes the violation.

*Id*. at p. 6, 752 So. 2d at 845. The supreme court further explained that "[e]ach case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial and discovery orders." *Id*. at p. 5, 752 So. 2d at 844.

In a similar case, *Brooks v. Sewerage & Water Bd. of New Orleans*, 02-2246 (La. App. 4 Cir. 4/30/03), 847 So. 2d 639, the trial court excluded the defendant's witnesses at trial because the defendant failed to file a witness list as required by a pretrial order. As here, the offending party attempted to equate the penalty to a dismissal of his case. However, the court of appeal found that the sanction of exclusion of witnesses was distinguishable from that of an outright dismissal, and held as follows:

> We find the ruling of the trial court to be reasonable, especially in light of the written requirement of the trial order, twice given, requiring that each party file a witness list by a date certain. It was not an abuse of discretion, under these circumstances, for the trial court to enforce the trial order in an attempt to prevent an injustice to the party who relied upon and followed that order in preparing for trial.

9

In *Robertson v. Lafayette Ins. Co.*, 11-0975 (La. App. 4 Cir. 2/8/12), 85 So. 3d 186, the plaintiff failed to file a witness list as required in the scheduling order. The defendant moved the trial court to strike all of the plaintiff's witnesses once the deadline for filing a witness list had expired. The trial court granted the motion and the court of appeal affirmed, noting that the plaintiff never sought to modify the pretrial order to obtain more time in which to file the witness list and had sufficient time to do so before the scheduled trial date.

Here, the trial court was faced with a party who missed two deadlines to file and exchange witness and exhibit lists. At the very least, plaintiffs had from May 16, 2022, the date of the scheduling order explicitly warning them of the potential penalty, to November 14, 2022, three weeks before the trial date, to compile their lists. We cannot condone plaintiffs' refusal to comply with the trial court's reasonable pretrial order. Furthermore, accepting appellants' argument would require this court to find that a party may excuse himself from his mandatory obligation to adhere to court orders by simply ignoring them, which is untenable.

While less drastic penalties may have been available, or even advisable, we do not conclude that it is an abuse of discretion, under these facts, for a trial court to enforce its own order. To reverse here undermines a trial court's authority to set and enforce pretrial procedure and orders which are established for the fair and orderly progression of a case. Appellants' assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court granting the motion *in limine* and motion for a directed verdict filed by Dr. Mahmoud Sheikh-Khalil and P&S Surgical Hospital. All costs of this appeal are assessed to appellants.

**AFFIRMED.**